**Opinion issued July 31, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-11-00599-CR

———————————

**RALPH TORRES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1169975**

## MEMORANDUM OPINION

Appellant Ralph Torres contests the habeas court's denial of relief in his post-conviction writ of habeas corpus. Torres's single issue argues that the habeas court's denial was an abuse of discretion because the evidence used to secure his

conviction was false and unreliable, thus rendering his guilty plea involuntary, and depriving him of his constitutionally protected right to due process of law. We affirm.

## Background

In 2005, Torres entered a guilty plea to driving while intoxicated and served ten days in the Harris County jail (2005 DWI).[1] A few years later, when charged with another DWI, he was indicted for felony DWI[2] with the prior 2005 DWI used as one of the two jurisdictional enhancements. He waived his right to a jury trial, entered a guilty plea and, on February 9, 2009, was sentenced to three years in TDCJ, probated for three years (2009 DWI).

A little over two years later, Torres filed an application for writ of habeas corpus challenging the validity of his 2009 DWI conviction.[3] According to Torres, in order to obtain his guilty plea to the 2005 DWI, the State relied upon invalid and inadmissible breath-test evidence.[4] Torres argues that, had he known of the inadmissibility at the time, he would have stood trial rather than pled guilty. As such, he argues, the 2005 plea was involuntary and obtained in violation of his right to due process of law. Further, because this 2005 conviction, which was

---

[1] Trial court case number 1288125, a misdemeanor offense.

[2] Trial court case number 1169975.

[3] TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005).

[4] The State stipulated that the breath-test evidence had been falsified and was unreliable and inadmissible.

2

secured by unreliable and inadmissible evidence, was used to enhance the penalty range attendant to the subsequent 2009 DWI proceedings, the 2009 DWI proceedings, too, were fundamentally unfair and violated his due process rights.

Torres submitted a sworn affidavit in which he testified that he would not have pled guilty to the 2005 offense had he known that the State's breath-test evidence was inadmissible because a State agent falsified the Intoxilyzer records. Without discussing the details of his 2005 arrest, Torres testified that the State's other evidence against him in that case was largely circumstantial and that he believed that his attorney "could have discredited the State's evidence to such a degree that the State would have been unable to meet the burden of proof."

The State acknowledges that, due to the criminal conduct of a State contractor, Torres's 2005 breath test was both unreliable and inadmissible. Nevertheless, the State maintained that, due to the strength of the other evidence in that case, Torres would still have pled guilty. The State also attached an affidavit from the 2005 arresting officer who attested to the circumstances surrounding Torres's arrest and the other evidence against him. After considering the affidavits of both Torres and the officer, the habeas court denied Torres's requested habeas corpus relief with findings of fact and conclusions of law that expressly found that, in addition to the unreliable breath-test evidence, there was evidence that civilian and police eyewitnesses observed signs of Torres's intoxication at the scene of the

3

motor vehicle accident where Torres was arrested. Specifically, the habeas court found that:

- Torres was identified as the driver of a vehicle that collided with a parked vehicle;

- After the collision, Torres was observed asleep behind the wheel of his vehicle, which was running and in gear;

- Torres exhibited signs of intoxication at the scene of the accident, including slurred speech, poor balance, and bloodshot eyes;

- A strong odor of alcohol was emitting from Torres's person;

- Torres was found in possession of a "twelve pack" of beer with four beers missing;

- There was an open container of beer in Torres's vehicle; and

- Torres admitted to the police officer that he had been out with friends and had been drinking, "maybe too much."

After setting out the previous evidence against him, the habeas court rejected Torres's testimony to the contrary and found that even if Torres had known that the breath-test evidence was inadmissible in 2005, he "would not have asserted his right to trial due to the other valid evidence against him." Based upon these fact findings, the habeas court concluded that, "[d]espite the unreliability of the breath test results, the other overwhelming evidence in this case makes the underlying conviction valid. [Torres] was not denied due process of law."

4

## Applicable Law and Standard of Review

To prevail on a post-conviction writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); *see also State v. Webb*, 244 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Absent an abuse of discretion, we must affirm the habeas court's decision on whether to grant the relief requested in a habeas corpus application. *See Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011); *see also Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We review the evidence in the light most favorable to the habeas court's ruling. *Kniatt*, 206 S.W.3d at 664.

The trial court is the original fact-finder in an article 11.072 habeas case, and, as such, we afford almost total deference to the habeas court's findings of fact and conclusions of law that are supported by the record. *Ex parte Garcia*, 353 S.W.3d at 787 (applying *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) standard to article 11.072 habeas cases). This deferential review applies even when the habeas court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006).

A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate

oneself. *Kniatt*, 206 S.W.3d at 664 (citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L.Ed.2d 274 (1969)). Accordingly, in order for a guilty plea to be consistent with due process of law, it must be entered knowingly, intelligently, and voluntarily. *Kniatt*, 206 S.W.3d at 664. To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Id.* (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)). When assessing the voluntariness of a guilty plea, courts examine the entire record and consider all of the relevant circumstances surrounding the plea. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam).

## Discussion

In his sole issue, Torres argues that the habeas court abused its discretion when it denied his request for habeas corpus relief because the State relied upon false and unreliable breath-test evidence in order to secure his conviction, thus rendering his plea involuntary, and violating his right to due process of law. According to Torres, the habeas court further erred in concluding that the State's reliance upon the falsified breath-test evidence did not deprive him of due process, because the Court of Criminal Appeals has previously set aside similar DWI convictions in two other cases on due process grounds. *See Ex parte Garcia*, No. AP-76,407, 2010 WL 3784146 (Tex. Crim. App. Sept. 29, 2010) (per curium) (not

6

designated for publication) and *Ex parte Rosales*, No. AP-76,336, 2010 WL 1794937 (Tex. Crim. App. May 5, 2010) (per curium) (not designated for publication).

Here, the habeas court made specific findings regarding the evidence against Torres in the 2005 DWI proceeding which are supported by the officer's testimony. The habeas court also found that Torres's plea in the 2005 DWI case was not induced by the inadmissible breath-test evidence, but rather by the strength of the other valid evidence against him in that case. This finding contradicts Torres's testimony that he only pleaded guilty to the 2005 DWI because of the breath-test evidence and indicates that the habeas court did not find that Torres's testimony on this issue was credible. Based upon these fact findings, the habeas court concluded that Torres was not denied due process of law—i.e., that his plea was voluntary. *See Kniatt*, 206 S.W.3d at 664 (voluntary guilty pleas, i.e., pleas not induced by threats, misrepresentations, or improper promises, are consistent with due process of law).

The Court of Criminal Appeals's opinions in *Ex parte Garcia* and *Ex parte Rosales* are distinguishable and do not dictate a contrary result in the present case.[5]

---

[5]     We note that this Court has also set aside a DWI conviction based upon falsified breath-test evidence, but under significantly different circumstances than those presented in this case (e.g., the strength of the other non-breath-test evidence). *See Rios v. State*, 377 S.W.3d 131, 137 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (concluding applicant's guilty plea in DWI that was based primarily upon

In *Ex parte Garcia*, the habeas court found that one of the two underlying misdemeanor convictions used as a jurisdictional enhancement in that case had been set aside by the convicting court and was subsequently dismissed by the State. *Ex parte Garcia*, 2010 WL 3784146, at *1. Because the applicant had only one valid DWI conviction, his felony sentence was illegal. *Id.* No such finding was made in this case, and there is no evidence in the record that either of the two misdemeanor convictions used as jurisdictional enhancements in Torres's 2009 DWI case had been set aside and/or dismissed, thereby rendering his sentence illegal. In *Ex parte Rosales*, the habeas court determined that Rosales's conviction was based on unreliable breath-test evidence in violation of Rosales's right to due process. *Ex parte Rosales*, 2010 WL 1794937, at *1. Here, the habeas court found that Torres's conviction was *not* based upon the unreliable breath-test evidence, but rather the strength of the *other valid evidence* against him in the 2005 DWI case.

falsified breath-test evidence was involuntary and holding trial court erred in denying habeas corpus relief). Unlike in the present case, the State did not oppose Rios's application for writ of habeas corpus; the only evidence before the trial court was Rios's testimony that he would not have pleaded guilty, but for falsified breath-test evidence, and a stipulation by both Rios and the State that the breath-test evidence was falsified and inadmissible. *Id.* We determined that the trial court's finding that Rios's testimony was not credible was not supported by the record and that the dash-camera video relied upon by the trial court had not been admitted into evidence and was of such a poor quality that its significance was suspect, at best. *Id.* at 135, 137 n.2; *see also id.* at 140 (Justice Sharp, concurring) (characterizing video as "exculpatory").

8

Viewing the evidence in the light most favorable to the trial court's ruling, and deferring to the trial court's findings of fact and conclusions of law that are supported by the record, we hold that the habeas court did not abuse its discretion when it denied Torres's requested habeas corpus relief.

## Conclusion

We affirm the habeas court's judgment denying relief.


Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).