Dear Clerk of the Fourth Court of Appeals

I, Richard Lares, TDCJ# 1592255, Cause No. 04-15 Date: 4/25/15 -00183-CR, am sending you these Pleading in the Form of Notices because what I wish to claim is Not allowed or not allways what I intend to tell the honorable Court.

Every Counsel that has represented me has stolen my money and never tell the Courts what I am saying. By Noticing the Justices, I feel that atleast I am being heard and maybe they will find it in their heart to listen to a Mentally Disable U.S. Army Combat Special Forces Veteran who was put in prison because my Ex-Wife wanted my VA. Home and alot of my VA, Benefit Money.

Even My new wife refuses to send me a Newly Discovered/Available Affidavit from a Retired Arizona officer who was present on the Day in question in Camp Verde Arizon near Flag Staff and the Grand Canyon. Please Accept My Apology for not following the Rules. Please forward this Notice to the Justices for Consideration. Thank You!

x _Richard Lares_
"De Oppresso Liber"

CAUSE NO. <u>04-15-00183-CR</u>

FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

RICHARD LARES,
Appellant

v.

THE STATE OF TEXAS,
Appellee



<u>NOTICE</u>

TO THE HONORABLE JUSTICE(S) OF SAID COURT OF APPEALS:

Comes Now, Richard Lares, TDCJ #1592255, Appellant herein, in style and cause and provides Notice that this case is an Extraordinary Case with Exigent Circumstances that should compel the Honorable Court of Appeals to assume Jurisdiction to correct a **miscarriage of justice** because Appellant is **aggrieved** by **unconstitutional** detention to wit: The 399th Judicial Court's Lack of Jurisdiction TO Preside Over, to Prosecute, and Convict Appellant **ab initio** in Cause No. 2006-CR-10110.

I.

Appellant avers that the 399th Judicial District Court **Correctly** changed the **Offense Date** to reflect the Plea Bargain's Contractual Agreement as per *Appellant's* Nunc Pro Tunc Motion to Correct a Clerical Error, but the **contract** was **Void ab initio** because the Offense Date of **Sept. 3,2000** was **Not Alleged** by the alleged victim's affidavit as an offense being committed against her. As such the jurisdiction of the 399th Judicial District Court **is not inherent** of any jurisdiction to act as a court in case at bar.

II.

Appellant avers that the Clerical Error Date of **03-23-2006** caused **Great Harm and Prejudice** to Appellant during § 11.07 and § 2254 proceedings because Appellant had to defend against said clerical error date and the Courts did not consider appellant's grounds as having merit when presented to the Courts. Even

the trial court failed/never admonished appellant of any alleged dates of offense during the Sentencing Phase. Had trial counsel asked appellant of any date being alleged, appellant would have had the opportunity to correct All dates as Not Alleged by the Alleged Victim and the Detectives' Police Report is erroneous upon its face for misrepresentation of the facts alleged.

## III.

Appellant avers that Det. Armstrong's Report is Erroneous in alleging the Offense time frame as being from 01-01-2000 to 12-12-2002 when the Alleged Victim's Police Affidavit stated a specific time frame "I was around the age of 13 years old...When my Dad first had sexual relations with me." Trial Counsel failed to ask Appellant when was she 13 y.o.? A $10.00 question that could have exonerated the Appellant because the answer is Sept. 4,2002. Clearly the intended alleged date of offense was NOT Sept. 3,2000 when she was 9 y.o. nor Sept. 3,2001 when she was 10 y.o.. This proposition has a fundamental elemental appeal, since the tenor did not allege those dates,as would the similar "proposition that the Constitution Prohibits the imprisonment of one who is innocent of the crime for which he was convicted." Ex Parte Elizondo, 947 S.W. 2d 202 - Tex: Court of Criminal Appeals 1996. As stated in Menefee "a stipulation of evidence or judicial confession in support of a guilty plea that fails to establish every element of the offense charged will not authorize the trial court to convict." Menefee v. State, 287 S.W. 3d 9 (Cr.of App. 2009). Even the Correct time frame of offense from Dec. 31,2002 to Jan. 2,2003 is an impossible/improbable Date because there were thousands of people at the Alamo Dome and NO one witnessed any crime on Dec. 31,2002 New Years Eve Fireworks Celebration and Appellant has 7 sound alibi(s) for all these dates to include Dated Photo taken by the Alleged victim's mother, Martha C. Flores.

## IV.

Appellant avers that he has Newly Discovered/Available Material Evidence Alibi from a credible third party, an alibi that trial counsel was aware of and

refused to even make the cursory investigation into Appellant's testimony that his family was not in Texas on Sept. 3,2000 as evidenced by 11.07 Exhibit 88 which shows the alleged victim standing next to Retired Arizona Officer Steve A. Costello Badge No. 8687 and 8564, photo taken by Martha C. Flores, allege victim's mother who own the digital camera. Appellant recieved Officer Costello's affidavit on 12-29-2014 by JPay Mail from Karina Lares, wife, but she refuses to send him the original to provide it to the court.

In discrediting Det. Armstrong's interpretation of allege's affidavit which he stated "C - stated" resent E-Mail Correspondences between the Alleged Victim and her step-mother, Karina Lares, stated that she(allege victim) did not know where those Dates came from, in reference to the indictment dates. See Nunc Pro Tunc Motion's Affidavit from Karina Lares.

V.

Appellant avers that his Plea Bargain was induced by the State's false information and trial counsel's intense pressure for appellant to plea and trial counsel knew that those dates were false as Counsel Gonzales stated "Dates don't matter"; dates are vital elements of a Penal Code making his statement false. See Karina Lares Affidavit in 11.07 Supplement Argument and Traverse to States' Response. Appellant believes that Rios case is analogeous to his in the since that an agent of the State used false testimony to induce him into Plea Bargaining with the State, as stated in Justice's Jim Sharp Concuring statements " IF our jurisprudence is to regard a Plea Agreement as a contract between the defendant and State, 'there cannot be permitted the slightest measure of fraudulent inducement to that contract.'" Rios v. State,377 S.W. 3d 131(Tex:Court of App. 2012).

VI.

Appellant avers that the Honorable Court of Appeals should hold a hearing develope these extraordinary exceptional circumstances and vital flaws that violate Appellant's substantial rights in the interest of justice: 1) the merits

of the factual dispute were not resolved in the state trial/hearing; 2) the state factual determination is not fairly supported by the record as a whole; 3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair trial/hearing; 4) there is a substantial allegation of **Newly Discovered/Available Evidence**; 5) the material facts were not adequately developed at the state court hearing; 6 because the critcal elements in question were not investigated by the state and trial counsel.

These are the Constitutional claims Appellant wishes to present to the Court of Appeals and hopefully Appeals Counsel will incorperate these grounds.

PRAYER

WHEREFORE PRIMISES CONSIDERED, Appellant prays that the Honorable Court of Appeals assumes jurisdiction because of this extraordinary exigent circumstances in the interest of justice and holds a hearing with all parties present to take live testimony and allow for discovery to resolve the issues with the aid of appointed counsel and to **Correct a miscariage of justice.** Appellant further prays that he be allowed Bail/Bond in order to gather material evidence for his defense, and that the Appeals Court Grant any relief within its jurisdiction. So Moved, So Prayed For.

CERTIFICATE OF SERVICE

I certify that I have read the pleadings and to the best of my knowledge and belief, formed after reasonable inquiry, that the instrument is NOT Groundless, or Brought in Bad Faith or Brought for the purpose of Harrassment, Unnecessary Delay, or otherImproper purpose. I also certify that a true and correct copy was sent to the Clerk of the Fourth Court of Appeal at Cadena-Reeves Justice Center, 300 Dolorosa, Suite 3200, San Antonio, Texas 78205-3037 and Counsel Barry P. Hitchings at Hitchings and Pollock, 645 S. Presa, San Antonio, Texas Texas 78210 by U.S. Postal Mail on 4/25/2015.

Re: Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, Tx. 77868

Sincerely Submitted,

*Richard Lares*

Richard Lares, Pro Se
TDCJ #1592255

Richard Lares 159 2255
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868

[ Legal
Mail ]

FOREVER

NORTH HOUSTON TX 773

27 APR 2015 PM 3 L

Clerk of Court of Appeals
Fourth Court of Appeals District
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

78205303799