Affirm and Opinion Filed July 29, 2022

# S

**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00317-CR**

**EDDIE DARRYL MARTINEZ, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F18-48307-K**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Myers

Appellant Eddie Darryl Martinez appeals from the trial court's adjudication

of guilt for the offense of aggravated assault with a deadly weapon, and sentence of

15 years in prison. Appellant brings two issues arguing he was not properly

admonished before the acceptance of his pleas of true and that the evidence is

insufficient to establish a violation of condition "1" of the terms of his community

supervision. We affirm.

### BACKGROUND

Appellant was indicted in 2018 for aggravated assault with a deadly weapon.

On October 1, 2019, pursuant to a plea agreement, appellant pleaded guilty and

entered a judicial confession before the trial court to this offense. The trial court found the evidence sufficient to support guilt and deferred adjudication. The court placed appellant on community supervision for three years and assessed a fine of $1,500, also probated, pursuant to the plea agreement.

The State subsequently filed a motion to revoke probation or proceed with an adjudication of guilt on April 13, 2020. The motion alleged that appellant violated condition "1" of his conditions of community supervision—which prohibited him from committing an offense against the laws of Texas or any other state or the United States, or possessing a firearm during the term of supervision—five times by committing five new offenses. As alleged, the offenses were as follows:

assault on a peace officer/judge—committed on or about April 9, 2020 (cause F20-48196);

aggravating kidnapping—committed on or about March 26, 2020 (cause F20-15002);

aggravated assault causing serious bodily injury—committed on or about March 26, 2020 (cause F20-15003);

assault family violence/household member; impeding breaching/circulation—committed on or about March 26, 2020 (cause F20-15004);

evading arrest/detention—committed on or about January 25, 2020 (cause M20-15001).

The motion also alleged that appellant violated conditions 2, 4, 8, 10, 11, 12, 14, 16, 19.

A hearing was held on January 27, 2021. Appellant pleaded not true to the five allegations alleging the commission of new offenses. He pleaded true to the

other allegations, i.e., 2, 4, 8, 10, 11, 12, 14, 16, and 19. Appellant signed the plea agreement stating that he understood his rights; that he was entering an open plea of true to conditions 2, 4, 8, 10, 11, 12, 14, 16, and 19; and that he judicially confessed as to those allegations. The State presented testimony regarding the contested allegations.

After hearing evidence, the trial court found that all the allegations were true and adjudicated appellant's guilt. The court revoked appellant's community supervision and assessed punishment of fifteen years in prison.

## DISCUSSION

In his first issue, appellant argues the trial court abused its discretion by failing to properly admonish appellant before accepting his pleas of true to allegations 2, 4, 8, 10, 11, 12, 14, 16, and 19. Appellant contends no inquiry was made regarding his competency and that the evidence in this case regarding his behavior "should have raised some concern with the court at least sufficient to conduct an inquiry of the [a]ppellant or his trial counsel." Appellant also claims he was not asked if he was pleading true to the allegations contained in the motion to adjudicate; he was not asked if he was entering his pleas because they were true and for no other reason; nor was he asked if he was entering his pleas freely and voluntarily.

The Texas Code of Criminal Procedure provides that "[n]o plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE

–3–

CRIM. PROC. art. 26.13(b). "Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of" certain admonishments, including the applicable range of punishment attached to the offense and any applicable registration as a sex-offender under Texas Code of Criminal Procedure Chapter 62. *Id.* art. 26.13(a). Except for the article 26.13(a)(4) admonishment, which concerns the fact that defendants pleading guilty or nolo contendere who are not U.S. citizens may be deported, excluded from admission to this country, or denied naturalization, the trial court may make the required admonishments orally or in writing. *Id.* art. 26.13(d), (d-1). "If the admonishments given substantially comply with the requirements of article 26.13, the burden shifts to the defendant to show [(1)] he was unaware of the consequences of his plea and [(2)] that he was harmed or misled by the admonishments." *Skinner v. State*, 334 S.W.3d 12, 15 (Tex. App.—Dallas 2008, no pet.) (citing art. 26.13(c)); *Henson v. State*, No. 05-19-01560-CR, 2021 WL 3671204, at *3 (Tex. App.—Dallas Aug. 18, 2021, no pet.) (mem. op., not designated for publication).

In determining the voluntariness of a guilty plea, we examine the record as a whole. *See Martinez v. State*, 981 S.W.2d 195, 196–97 (Tex. Crim. App. 1998); *Rios v. State*, 377 S.W.3d 131, 136 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). When the record reflects that a defendant was duly admonished by the trial court before entering a guilty plea, it constitutes a prima facie showing the plea was knowing and voluntary. *Martinez*, 981 S.W.2d at 197; *Rios*, 377 S.W.3d at 136; *see*

–4–

*Mason v. State*, 527 S.W.3d 505, 509 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). The burden then shifts to the defendant to show he entered his plea without understanding the consequences of his actions and was harmed as a result. *Martinez*, 981 S.W.2d at 197; *Rios*, 377 S.W.3d at 136. A defendant who attests he understands the nature of his plea and that his plea was voluntary has a "heavy burden" on appeal to show his plea was involuntary. *Jones v. State*, 600 S.W.3d 94, 99 (Tex. App.—Dallas 2020, pet. ref'd); *Mason*, 527 S.W.3d at 509.

Article 46B of the Texas Code of Criminal Procedure, which codifies the standard for competency in Texas, describes the "circumstances that require, and procedures for making, a determination of whether a defendant is competent to stand trial." *Turner v. State*, 422 S.W.3d 676, 689 (Tex. Crim. App. 2013). Article 46B.003 provides that a defendant is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. art. 46B.003(a). "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." *Id*. art. 46B.003(b). The procedure for raising incompetency is described in article 46B.004:

> (a) Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial. A motion suggesting that the defendant may be incompetent to stand trial may be supported by affidavits setting out the facts on which the suggestion is made.

(b) If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial.

(c) On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.

(c-1) A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant. Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003.

TEX. CODE CRIM. PROC. art. 46B.004(a)–(c-1). If a defendant is incompetent to stand trial, no sentence shall be pronounced, and the court shall proceed under article 46B. *Id*. art 42.07(2).

During the hearing held on January 27, 2021, appellant acknowledged he had been placed on probation in 2019. He told the trial court he understood the allegations in the motion to adjudicate and that he understood everything he had signed with his attorney. The record also shows that appellant was admonished in writing regarding his rights: he signed the written plea agreement stating that he understood his rights; he pleaded true as to the allegations regarding conditions 2, 4, 8, 10, 11, 12, 14, 16, and 19; and he judicially confessed that he violated those conditions. Appellant signed the following statement in the plea agreement:

–6–

> I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

Defense counsel signed the following statement:

> I have consulted with the defendant, whom I believe to be competent concerning the plea in this case and have advised the defendant of his/her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

The trial judge signed the following statement in the plea agreement:

> It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony.

There is no evidence in the record showing appellant was not competent to enter a plea of true to allegations 2, 4, 8, 10, 11, 12, 14, 16, and 19. Appellant argues that many of his acts as recounted by the witnesses at the hearing "can fairly be described as bizarre." He calls our attention to three State's exhibits introduced at the hearing which show threatening text messages and a Facebook video from appellant to the complainant in the original 2018 aggravated assault. In the text messages, for example, which were sent after appellant pleaded guilty and was on probation, he threatened to, among other things, come to the victim's house with a gun and "air" it out. Appellant claims that the allegations of his behavior "should

have raised at least a modicum of concern sufficient for the trial court to conduct an inquiry." Yet appellant does not cite, and we have not found, any evidence in the record showing that he was confused by the proceedings, that he lacked a rational and/or factual understanding of the proceedings, or that he wanted anything other than to plead not true to the new offenses and plead true to the remaining allegations. Appellant acknowledges that "the record is absent of any bizarre act by [him] during the probation revocation proceedings." Nor was there any suggestion by defense counsel, the State, or the trial court that appellant was unable to understand the proceedings.

Based on the totality of the circumstances as set out in the record, there is no evidence suggesting appellant did not have (1) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. *See* TEX. CODE CRIM. PROC. art. 46B.003(a). In addition, the record shows appellant was fully admonished regarding his rights; he knowingly and voluntarily waived his rights; he knowingly and voluntarily entered a plea of true to the allegations; and he knowingly and voluntarily made a judicial confession to the violation of conditions 2, 4, 8, 10, 11, 12, 14, 16, and 19.

We conclude the trial court did not abuse its discretion in failing to sua sponte conduct an informal inquiry into appellant's competency to enter his plea or be sentenced. *See, e.g., Phillips v. State*, No. 05-16-00850-CR, 2017 WL 2875522, at

*2 (Tex. App.—Dallas July 6, 2017, no pet.) (mem. op., not designated for publication) (defendant's decision to remain in cell rather than go into courtroom during revocation hearing against counsel's advice did not suggest incompetency); *Richardson v. State*, No. 05-11-00950-CR, 2012 WL 5350979, at *9 (Tex. App.—Dallas Oct. 31, 2012, pet. ref'd) (mem. op., not designated for publication) (trial court did not abuse its discretion in not conducting informal inquiry regarding appellant's competency; record showed no indication of mental illness, mental retardation, or "truly bizarre acts," and there was no suggestion by defense counsel, the State, or the court that appellant was unable to understand the proceeding). We therefore overrule appellant's first issue.

In his second issue, appellant contends the evidence was insufficient to establish a violation of condition "1," as alleged in the State's motion to adjudicate, and that the trial court abused its discretion in finding by a preponderance of evidence that appellant violated the conditions of his community supervision.

On a motion to proceed with an adjudication of guilt, the State has the burden to prove a violation of a condition of community supervision by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). "'[A] preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision].'" *Id.* at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)); *Dansby v. State*, 468 S.W.3d 225, 231

–9–

(Tex. App.—Dallas 2015, no pet.). Where, as in this case, the State's motion to revoke alleges multiple violations of the terms of community supervision, proof of any one of the alleged violations is sufficient to support revocation. *Dansby*, 468 S.W.3d at 231; *Lee v. State*, 952 S.W.2d 894, 900 (Tex. App.—Dallas 1997, no pet.); *see also Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978)); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation.")

We review a trial court's decision to proceed with an adjudication of guilt for an abuse of discretion. *Hacker*, 389 S.W.3d at 865; *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Because the trial judge is the sole judge of the witnesses' credibility and the weight to give the evidence, in determining whether the trial court abused its discretion, we review the evidence in the light most favorable to the order. *Hacker*, 389 S.W.3d at 865.

Appellant pleaded not true to the five allegations in the motion to adjudicate that concerned the commission of new offenses, and four witnesses testified at the hearing. He pleaded true to the other allegations. After hearing evidence, the trial court found that all the allegations were true and adjudicated appellant's guilt. Because proof by a preponderance of the evidence of any one of the alleged

–10–

violations of the conditions of appellant's community supervision was sufficient to support revocation, *e.g., Smith*, 286 S.W.3d at 342, we need not address appellant's challenge to the sufficiency of the evidence to support the court's finding that the allegations concerning the violation of condition "1" were true. *See* TEX. R. APP. P. 47.1 (requiring appellate court to address every issue raised and necessary to final disposition of appeal); *Ray v. State*, No. 02-16-00040-CR, 2016 WL 3977377, at *3 n.4 (Tex. App.—Fort Worth July 21, 2016, no pet.) (mem. op., not designated for publication). We overrule appellant's second issue.

We affirm the trial court's judgment.

/Lana Myers//
LANA MYERS
JUSTICE

210317f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

# S

## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EDDIE DARRYL MARTINEZ JR.,
Appellant

No. 05-21-00317-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 4, Dallas County, Texas
Trial Court Cause No. F18-48307-K.
Opinion delivered by Justice Myers.
Justices Carlyle and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.

Judgment entered this 29th day of July, 2022.