NO. /616-15

COURT OF CRIMINAL APPEALS

TEXAS RULES OF APPELLATE PROCEDURE, RULE 68.4

ORIGINAL

---

RICHARD LARES

V.

THE STATE OF TEXAS

---

On Petition for Discretionary Review
from the Fourth Court of Appeals
in No. 04-15-00183-CR Affirming the
Conviction in No. 2006CR10110 from the
399th Judicial District Court
of Bexar County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 28 2015

Abel Acosta, Clerk

---

APPELLANT'S PETITION FOR
DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

DEC 28 2015

Abel Acosta, Clerk

RICHARD LARES, PRO SE
TDCJ-ID #1592255
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868

Pro Se

[ COVER ]

# TABLE OF CONTENTS

PAGE

Index of Authorities ................................................ iii

Statement Regarding Oral Argument .................................. iv

Statement of the Case .............................................. 1

Statement of Procedural History .................................... 1

Ground for Review Number One .......................................
    Whether the Court of Appeals was correct in its opinion,
    disagreeing upon a material question of law, necessary to
    the court's decision when it concluded that appellant's
    appeal is frivolous and without merit,citing Bledsoe v.
    State 178 S.W.3d 824,826-27. ...................................... 2

  Issue For Argument Number 1
    Appellant argued that his Constitutional Right to a Fair Trial
    was denied him due to multiple instances of ineffective assist-
    ance of counsel, as stated in pro se brief relying on Garcia
    v. State,308 S.W.3d 62(Tex.App.[4th Dist.-San Antonio]2009 ....... 2

  Issue For Argument Number 2

    Appellant argued that his Constitutional Right to a Fair Trial
    was denied him due to Prosecutorial Misconduct for failure to
    reveal favorable exculpatory evidence to the defense, its 404B
    violation prejudiced the punishment, and the state's denying
    appellant's right to confrontation, as stated in pro se brief
    relying on Rios v. State,377 S.W.3d 131(Tex.App.[1st Dist.
    -Houston[2012 ................................................... 5

  Issue For Argument Number 3

    Appellant argued that the trial court erred in allowing the State
    to go into 404B matters not contained in the State's Notice(s),
    after the Court pronounced that it would ONLY allow matters con-
    tained in its Notice(s) and said Ruling is contained in the Sent-
    encing Hearing Transcript; further the court erred in excluding
    appellant's VA Psychiatric, Psychological Mental Illness Records
    from an adequate Competency and Sanity Evaluation, a denial of
    Appellant's Due Process Rights of the Fourteenth Amendment and
    Fair Trial Proceedings ......................................... 10

  Conclusion and Prayer .............................................. 12

Certificate of Service ............................................. 13

Certificate of Compliance .......................................... 13

# INDEX OF AUTHORITIES

**CASES**                                                      **PAGE**

Bledsoe v. State,178 S.W.3d 824, 826-27 ................................ 2

Brady v. Maryland, 83 S.Ct. 1194(1963) ................................ 6,10

Burks v. State, 876 S.W.2d 877, 904-05(Tex.Crim.App.1994) ............. 10,12

Ex parte Chabot, 300 S.W.3d 768, 770-71(Tex.Crim.App.2009) ............ 6,10

Ex parte Elizondo, 947 S.W.2d 202(Tex.Crim.App.1996) .................. 8,10

Ex parte Robbins, 360 S.W.3d 446, 476(Tex.Crim.App.2011) .............. 6,10

Garcia v. State,308 S.W.3d 62(Tex.App.[4th Dist.-San Antonio]2009 ..... 2,4

Garza v. State, 213 S.W.3d 338, 348(Tex.Crim.App.2007) ................ 4

Herrera v. Collins,506 U.S.433-34, 113 S.Ct.878, 122 L.Ed.2d 238(1993) . 8,10

Kyles v. Whitley,514 U.S. 419,437-38, 115 S.Ct.1555,1567, 131 L.Ed.2d 215(1963). 6,10

Lombard v. Lynaugh, 868 F.2d 885(5th Cir.1980) ....................... 4

Rios v. State, 377 S.W.3d 131(Tex.App.[1st Dist.-Houston]2012 ......... 5,6,7,8,9

Strickland v. Washington, 466 U.S. 688, 104 S.Ct. 2052 ................ 4

**STATUTES**

Texas Code of Criminal Procedure Article 22.02(6) ..................... 7

Texas Code of Criminal Procedure Article 404B ........................ 5,6,11

Texas Rules of Appellate Procedure, Rule 33.1(a)(1)(A) ............... 11,12

Texas Rules of Appellate Procedure, Rule 33.1(a)(2)(A) ............... 11,12

Texas Rules of Appellate Procedure, Rule 33.2 ........................ 9

Texas Rules of Appellate Procedure, Rule 44.2(a) ..................... 11,12

Texas Rules of Appellate Procedure, Rule 66.3(a),(c), and (e) ........ 12

T.R.P.C. Rule 3.09(a) ................................................. 10

**TEXAS CONSTITUTION**

Texas Constitution Article V, § 6 .................................... 9,10

**UNITED STATES CONSTITUTION**

Article I, § 10, cl. 1 Contract Clause ............................... 8,12

SIXTH AMENDMENT ...................................................... 2,3,10

FOURTEENTH AMENDMENT ................................................. 2,3,5,6,7,10,12

**OTHER**

Canon 2 Code of Judicial Conduct ..................................... 10,12

Star Decisis Doctrine ................................................ 2,3

## Statement Regarding Oral Argument

Appellant specifically requests Oral Argument on his issues claimed and would show that his claims for relief may not be fully or fairly resolved by this court without taking of live testimony and presentation of evidence because appellant contends that he is entitled to relief for any errors substantiated by these factual allegations. Appellant relies on factual recitations provided to the Fourth Court of Appeals as well as facts contained in the clerk's record, the Court Reporter's Record, documents referred to by the record implicitly or explicitly, and all Alibi Affidavits and Declarations of facts. Appellant is not at liberty but requests that he be allowed/granted oral argument and to participate by teleconference or Sattle-lite via television.

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, RICHARD LARES, appellant in the above entitled and numbered cause, Pro Se, and petitions the Court of Criminal Appeals to review the opinion by the Fourth Court of Appeals, and respectfully shows this Court the following in support of his petition.

## Statement of the Case

This appeal arises from a conviction for Aggravated Sexual Assault to a Child, in the 399th Judicial District Court of Bexar County, Texas, the Honorable Juanita Vasquez-Garner, Presiding Judge. A Nolo Contender Plea Bargain accepted by the State with a cap of 35 years. The Court found appellant guilty and assessed punishment at 30 years in Texas Department of Criminal Justice, Institutional Division and fine of $1,500.

## Statement of Procedural History

Appellant's plea agreement initially waived appeal rights, through counsel misadvise to plea to an offense not alleged. (CR 159 and 120). Appellant filed Nunc Pro Tunc to Correct Offense Date on January 26,2015, the Court granted. (CR-172). Appellant then filed Motion to Arrest Judgment and the Court construed as a Motion for New Trial. The Court appointed Mr. Barry P. Hitchings to represent appellant on direct appeal. (AE-40). Appellant file numerous Notices to the Appeals Court informing them that appointed counsel refused to visist his new client and no interview occurred to aid counsel in appellant's defense. The Fourth Court of Appeals accepted counsel's Anders Brief and allowed appellant to file a Pro Se Brief. Appellant filed a Notice to the Court that he did not recieve any ruling or order from the Nov.4,2015 hearing, and said Notice was construed as a Motion for rehearing without benefit of appellant stating any claims, to which the Court DENIED on Nov.24,2015. Appellant files this petition within the time permitted by this court.

1

## Ground for Review Number

Whether the Court of Appeals was correct in its opinion, disagreeing upon a material question of law, necessary to the court's decision when it concluded that appellant's appeal is frivolous and without merit, citing Bledsoe v. State, 178 S.W.3d 824, 826-27. (Justices' Opinion Page 2).

## Issue For Argument Number 1

Appellant argued that his Constitutional Right to a Fair Trial was denied him due to multiple instances of ineffective assistance of counsel, as stated in pro se brief relying on Garcia v. State, 308 S.W.3d 62(Tex.App.[4th Dist. -San Antonio]2009, as the authority in his ground.

## Statement of the Case

Appellant adopts the recitation of facts as set out on Page 1 of this PDR for the purpose of this Issue for Argument Number 1.

## Authority

Garcia v. State,308 S.W.3d 62(Tex.App.[4th Dist. -San Antonio]2009 is analogous to appellant's case because it is a case where Garcia was convicted of Aggravated Sexual Assault, an Appeal on PDR. Garcia stated his counsel was ineffective under the Sixth Amendment because, counsel's conduct in introducing and opening the door to a prior Sexual Assault and other "bad acts" evidence, along with his failure to object or request limiting instruction, showed his lack of investigation of the relevant law and facts in advance of trial; elements stated are equaly similar in the instant case. Over View in Garcia: Defendant argued that he was deprived of his right to a fair trial due to multiple instances of ineffective assistance of counsel. The Court of Appeals Agreed. The record, as in the instant case, affirmatively demonstrates a pattern by defendant's counsel misunderstanding the applicable law. The record further showed that counsel's deficient conduct permeated both phases of trial, and deprived defendant of a Fair Trial and Reliable Results; this issue is the same in case at bar. The Court Judgment Reversed and Remanded New Trial. Appellant relies on Star

2

Decisis Doctrine for similar relief, because appellant raised and proved the very same issues of ineffective assistance of counsel in his pro se brief and based on Garcia, the Court of Appeal's Opinion is in direct conflict.

Background Facts

Appellant claims of Ineffective Assistance of counsel, involuntary plea, and no fair trial in this Issue for Argument Number 1 is founded on the following background facts:

Child Protective Services put Appellant in a utility closet by Officer Belinda Castillanos, prior to having him sign a typed confession made and typed by her, and had appellant sign it while he lay on the ground suffering from the clausterphobia and dust induced asthma attack to which he was not allowed to leave an seek his medication asthma inhaler.(Pro Se Brife Page 19 and Sentencing Hearing RR-94 10-12). Appellant was pressured into taking "responsibility as the adult" by San Antonio Police Chaplain, Rev. James P. Worley to which he stated that appellant "may have misinterpreted my advice and made a confession". (Pro Se Brief Page 20 and AFF. C 2). Trial Counsel has been accorded a double dose of leighway by the Court of Appeals but when trial counsel's affidavit clearly demonstrated untruthfulness, misrepresentation of facts, and fraud upon the court, appellant must question the integrity of the Appeal Opinion and our judicial system. (Pro Se Brief AFF. N). The Appeals' Justices may have overlooked numerous Alibis on Pro Se Brief that were submitted by verifiable, credible people of the community, that could resolve the issue of guilt or innocence.

Appellant is not a lawyer nor a student of law and unable to produce any compelling brief to the standard of professional attorneys at law and may under represent his material evidence of Alibis, Scientific Facts contained in the record, and legal errors of fundamental structural errors that denied appellant a fair trial as guaranteed by the United States Constitution 14th Amendment.

Appellant provided Appeal Counsel non-frivolous issues but counsel did not argue

3

On Direct Appeal. (Exhibit 1 Page 8). Appellant Counsel may be found ineffective for failure to raise non-frivolous issues. Lombard v. Lynaugh, 868 F.2d 885 (5th Cir. 1980). Appellant provided Notices to Appeals Court. (Exhibits 2-4).

## Argument

Ineffective Assistance of Trial Counsel may not be appropriate on Direct Appeal, under Garza v. State, 213 S.W.3d 338, 348(Tex.Crim.App.2007)(reviewing court on direct appeal must defer to cousnel's decision making unless ineffective assistance is firmly founded in the record and there is no possible legitimate strategy underlying the decisions). Trial Counsel admitted to no strategy and that the only strategy to take was responsibility, which is no strategy. (Pro Se Brief AFF. N Page 6). The record also demonstrates trial counsel's performance fell below an objective standard as stated in Strickland v. Washington, 466 U.S. 688, 104 S.Ct.2052. On Appellant's pro se brief appellant showed numerous objective failures made by trial counsel to the point of failure to investigate, failing to make even the cursory investigation, into Counts I and II, Count I being the offense counsel had appellant plea to, where Count I was not supported by the Complaint because it was not alleged. (CR 6 and 120). A plea based on a defendant's counsel misunderstanding of the applicable law deprives a defendant of a Fair Trial and Reliable Results. Garcia Supra.(such conduct had to the admission of evidence that undermined defendant's credibility, which was dependant on the strength of his own credibility as compared to that of the complaint). Thus, the denial of a fair trial is appropriate to raise when a pattern of ineffective assistance is affirmatively demonstrated by the record. Garcia Supra.

In reaching their opinion, the Honorable Fourth Court of Appeals has rendered an opinion in direct conflict with the rationale in Garcia v. State,308 S.W.3d 62(Tex.App.[4th Dist.-San Antonio]2009 also Garza v. State,213, S.W.3d 338 348(Tex.Crim.app.2007) and Strickland v. Washington,466 U.S. 688,104 S.Ct.2052.

4

## Issue For Argument Number 2

Appellant argued that his Constitutional Right to a Fair Trial was denied him due to Prosecutorial Misconduct for failure to reveal favorable exculpatory evidence to the defense, its 404B violation prejudiced the punishment, and the state's denying appellant's right to confrontion, as stated in pro se brief relying on Rios v. State, 377 S.W.3d 131(Tex.App.[1st Dist.-Houston]2012, as the authority in his ground.

## Statement of the Case

Appellant adopts the recitation of facts as set out on Page 1 of this PDR for the purpose of this Issue for Argument Number 2.

## Authority

Rios v. State, 377 S.W.3d 131(Tex.App.[1st Dist.-Houston]2012) is analogous to appellant's case because it is a case where Rios was convicted based on erroneous information provided by the state, resulting in Rios pleading guilty to a class B misdemeanor, on motion for rehearing. Which the Court granted and withdrew its opinion and judgment. It is the fundamental constitutional structural principles in fair trial proceedings that apply to the instant case, which make it analogous to Rios. Appellant does not have access to an adequate law library with the technology and up todate case law that attorneys at law have access to at liberty and must refer to a case such as Rios to demonstrate similar legal proceedings surrounding the circumstances in this second issue. When the State informed Rios that the breath test results showing his blood alcohol concentration to be approximately twice the legal limit were invalid, Rios applied for and was denied postconviction habeas corpus relief. On appeal, Rios contends that the trial court's ruling was in error. The Appeals Court stated because we have reviewed the record and concluded that the trial court abused its discretion in denying Rios habeas relief, we reverse. Appellant applies the same structural error stated by Rios in a Plea Bargain that the State falsified

5

evidence inducing Rios into a plea of guilty, by dealing Rios a tainted hand. Despite the fact that the State, at the time of the original plea, was unaware of the falsification of the intoxilyzer results, regardless of the good faith or bad faith of the prosecution, the responsibility of the **validity of the evidence** used to extrat a guilty plea in a plea-bargain case rests with the proseutorial arm of the State; as stated by Justice Jim Sharp, concurring, further quoting Justice Kennedy reasoning in Kyles v. Whitley,514 U.S. 419, 437-38, 115 S.Ct. 155, 1567, 131 L.Ed.2d 490(1995)(prosecutors must not only disclose information within their own personal knowledge but have "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"), since, then the prosecutor has the means to discharge the government's **Brady** responsibility if he will, any argument for excusing a prosecutor from disclosing what he does not happen to know about boils down to a plea to substitute the plice for the prosecutor, and even for the courts themselves, as the final arbiters of the *140 government's obligation **to ensure fair trial**, and Therefore, It is axiomatic that the Due Process Clause of the Fourteenth Amendment is violated when the State Knowingly or unknowingly uses **perjured testimony to obtain a conviction.** Ex Parte Robbins, 360 S.W.3d 446, 476 (Tex.Crim.App.2011)(Alcala. J..dissenting)(citing Ex Parte Chabot,300 S.W.3d 768, 770-71(Tex.Crim.App.2009). Appellant's claim of prosecutorial misconduct are similar to those stated above which may render appellant's plea involuntary due to the State's falsification of evidence and withholding of favorable exculpatory evidence that should have been revealed to appellant prior to plea negotiation and the entering the Nolo Contender Plea of June 10,2009. (CR-159).

Background Facts

Appellant claims of Prosecutorial Misconduct due to falsification of State evidence, failure to reveal favorable exculpatory evidence to the defense, its 404B violation that prejusdiced the punishment, and the State denying confrontion during sentencing and punshment phase, denied appellant a fair trial under

6

the rationale of Rios and the United States' 14th Amendment due process clause.

Appellant holds the State to its contract, Plea Agreement, contained in CR-159, where the State, Attorney for Defendant, and the Defendant signed and agree to all that is stipulated and contained within this single document. Appellant seeks **specific performance** in staying within this document as prima facie because said contract is based on a criminal offense not alleged by the complainant and her complaint see CR-120. The Contract Plea does not contain specific language of Texas Code of Criminal Procedure Article 22.02(6) and said document does not point nor reference said Article, and as such appellant should not have to prove an **additional element** not contained within the limits of the contractual plea, and as such appellant should only be held to answer for the one criminal offense alleged as Count I: on or about the 3rd Day of September, 2000. As stated in Rios "If our jurisprudence is to regard a plea agreement as a contract between the defendant and State, there cannot be permitted even the slightest measure of fraudulent inducement to that contract;" and "Sadly, by the time this shameful little secret came to light, the State and Rios had long since negotiated a plea upon the 'cooked' results."

The "cooked" results in appellant's instant case are Counts I and II, which trial counsel insisted and urged appellant to plea due to "multiple counts." (Pro Se Brief AFF. N 1). Counts I and II are clearly not within the range of the alleged complaint affidavit tendered by the alleged victim. Appellant avers that he informed the PSI **Interviewer** that he did not commit any of the Offenses contained in Counts I, II, and III. Appellant has made numerous attempts to obtain the PSI Report but the State and trial counsel have conspired not to show this documents to appellant eventhough trial counsel claimed to have "gone over" the PSI with appellant during June 10,2009 Plea Hearing, to which counsel lied to the Honorable Judge and appellant's wife's affidavit attest to this fact. (Pro Se Brief AFF. G 4-5 and M 2). In Rios Footnote 1 states "While the trial court limited its questioning to the terms of the written plea itself, Rios made

7

it clear that the breath test results were discussed at the plea hearing. `...
The trial court had to be informed of these results to comply with the statutory
mandate to require the defendant to install the ignition interlock... Thus, Rios's
testimony that the breath test results were discussed at the hearing is supported by the procedure envissioned by the statute." Appellant avers that the very
same evidence is contained in the PSI Report because he recalled telling the
PSI Interviewer that he was not in the State of Texas During Count I Sept.3,2000
nor was the complainant and that she did not alleged any offense for those dates.
The 399th Judge claimed to have read the PSI during August 10,2009 Plea Hearing
and thus was made fully aware of these facts that no criminal offense took place
for those counts, and in order to prosecute appellant for a criminal offense for
said counts the issue had to have been discussed at the plea hearing admonishment.
In Ex Parte Elizondo, 947 S.W.2d 202(Tex.Crim.App.1996) quoting Herrera v. Collins,506 U.S. 433-34, 113 S.Ct. at 878,122 L.Ed.2d at 238(1993)(Blackmun.J.Dissenting) Justice Blackmun argued:

> The government bears the burden of proving the defendant's guilt beyond a
> reasonable doubt, but once the government has done so, the burden of proving innocence must shift to the convicted defendant. The actual-innocence
> inquiry is therefore distinguishable from **review** for **sufficiency of the
> evidence**, where the question is **not** whether the defendant is actually innocent **but whether** the **government has met its constitutional burden** of proving the defendant's guilt beyond a reasonable doubt. When a defendant
> seeks to challenge the determination of guilt after he has been **validly**
> convicted and sentenced, it is fair to place on him the burden of proving
> his innocence, not just raising doubt about his guilt.

> Continued-Because placing the burden on the petitioner to prove innocence
> creates a **presumption** that the **conviction is valid**, it is not necessary or
> appropriate to make further presumptions about the reliability of **newly
> discovered evidence** generally. Rather, **the court charged with deciding**
> such a claim should make a case-by-case determination about the **reliability
> of the Newly Discovered evidence** under the circumstances. **The court then
> should weigh the evidence in favor of the prisoner** against the evidence
> of his guilt. Obviously, the stronger the evidence of the prisoner's
> guilt, the more persuasive the newly discovered evidence must be.

Id. Appellant applies these principles of the government's burden to prove beyond a reasonable doubt,even in a Plea Bargain, the validity of the evidence in
a conviction used to sentence any defendant facing a charge for criminal offense,

and that the Newly Discovered Evidence contradiction the determination of appellant's guilt, should be weighed by the Court charged with deciding such a claim. Appellant avers that the only evidence the State has is invalid and inadmissible evidence to wit: a coerced Child Protective Service signed confession obtained by placing appellant in a utility closet and a Police interrogation video that was obtained by pressuring a mentally ill U.S. Army Combat Veteran into taking responsibilty as stated by the San Antonio Police Chaplain's Affidavit and the Police threat that they would arrest appellant if he did not cooperate. (Pro Se Brief and AFF. C 2).

Appellant avers that Fourth Court of Appeals may have overlooked factual insufficiency evidence contained in the record and if not for court appointed appellant counsel's failure to file a Formal Bill of Exception to included other evidence mentioned or referenced by motions, transcripts, and Affidavits in the record the Honorable Court would have provided appellant relief, and as such appellate counsel prohibited the Court from applying "Rule of Law" as guarnteed in the "Factual Conclusivity Clause in Article V, § 6, of the Texas Constitution which makes a Direct Appeal Court's Factual-Sufficiency decisioin final and conclusive." Appellant has claimed manifest injustice by filing a Motion to Arrest Judgment in the 399th District Court in accordance with the 3 year rule to file for New Trial based on Newly Discovered Evidence to wit: Arizona Officer Retired, Steven Allen Costello. (CR 168, 183, 184, and AFF. R 1-2). The Clerical Error stated in Appellant's Nunc Pro Tunc to Correct Offense Date to the correct stipulated Date in the Plea Bargain did not cause the Court to lose jurisdiction as assumed by the appeals counsel, instead the error needed to be corrected in order for appellant's Direct Appeal to have merit that appellant's claim to No Crime and insuficiency of evidence; For Date of Sept.3,2000 Count I.

Thus, the Fourth Court of Appeals' Opinion is in direct conflict with the rationale in Rios v. State, 377 S.W.3d 131(Tex.App.[1st Dist.-Houston]2012) and

9

Kyles v. Whitley, 514 U.S. 419, 437-38, 115 S.Ct.1555,1567, 131 LEd.2d 490(1995) and Brady v. Maryland, 373 U.S. 83,87,83.S.CT 1194, 1196-97, 10 L.Ed.2d 215(1963); Ex parte Robbins, 360 S.W.3d 446, 476(Tex.Crim.App.2011); Ex parte Chabot, 300 S.W.3d 768, 770-71(Tex.Crim.App2009), and the Sixth and Fourteenth Amendments to the United States Constitution and Contracts Clause of Art. I, § 10, cl. 1. Also Ex parte Elizondo, 947 S.W.2d 202(Tex.Crim.App.1996) quoting Herrera v. Collins, 506 U.S. 433-34, 113 S.Ct. at 878, 122 L.Ed.2d at 238(1993)(Blackmun. J.Dissenting); Tex. Const. Art. V § 12(b) Jurisdiction of the Court,TRPC R.3.09(a).

### Issue For Argument Number 3

Appellant argued that the trial court erred in allowing the State to go into 404B matters not contained in the State's Notice(s),after the Court pronounced that it would ONLY allow matters contained in its Notice(s) and said Ruling is contained in the Sentencing Hearing Transcript; further the court erred in excluding appellant's VA Psychiatric, Psychological Mental Illness Records from an adequate Competency and Sanity Evaluation, a denial of Appellant's Due Process Rights of the Fourteenth Amendment and Fair Trial Proceedings.

### Statement of the Case

Appellant adopts the recitation of facts as set out on Page 1 of this PDR for the purpose of this Issue for Argument Number 3.

### Authority

Canon 2, Code of Judicial Conduct, where a judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrety and partiality of the judiciary. The Appellate Court must determine whether, beyond a reasonable doubt that the error made no contribution to the conviction or the punishment. Burks v. State, 876 S.W.2d 877,904-05(Tex.Crim.App. 1994).

Appellant on pro se brief avered that he was charged for some other bad act(s) not adjudicated nor investigated. Before the Court was the 404B's Police

10

Report CR-107 for the court to limit the prosecutor to the State's Notice(s), information containded in it, and the information on the Police Report. The Honorable Court erred by allowing the State to go into matters NOT Contained in the State's Notice(s) and the Police Report as stated and attested by the Sentencing Court Transcript. The Trial Court Ruled on the Specific 404B issue

> MR. Gonzalez: ... I will object to that witness. I believe that she is a surprise witness that will testify about some 404B matters that we had noticed the State with a pretrial motion. We did not get proper notice. We just learned of this witness today, and because of, that we claim surpriseand we object to her testimony.

(Sentencing Hearing RR-97 8-15). The State Replied that it was trial counsel who provided this 404B witness.

> MS. CARION: --- the Defense provided notice that she would be testifying.

(Sentencing Hearing RR-97 18-19). Then the trial judge made a Ruling for the issue to be preserved for Appeal purposes, T.R.A.P. Rule 33.1(a)(1)(A) and Rule 33.1(a)(2)(A) and then the trial court went aganist its own Ruling by allowing issues testified by the 404B witness not contained in the State's Notice an abuse of the court's discretion.

> THE COURT: All right. I'm going to allow Ms. Carion to go into matter that are contained in the 404B notice only.

(Sentencing Hearing RR-100 17-19). On pro se brief appellant showed Reversible Error in the case proven by the transcript T.R.A.P. Rule 44.2(a) and said error did contribute to the conviction because it reduced the credibility of appallant and said issue also prejudiced the punishment causeing a stiff sentence of 30 years, thus the error law caused the rendition of an improper judgment as shown.

On the issue of Court erred in excluding appellant's VA Psychiatric, Psychiatric, Psychological Mental Illness Records from an adequate Comptency and Sanity Evaluation is evidenced by the State's Examining Dr. Skop's evaluation Reports, where the Records claimed were not available as he claimed to have.

11

VA Dr. Ybarra-Salinas' letter to the Court was not available because it was made on June 18,2009, while the Competency/Sanity Examin took place on June 8, 2009 and the Final Report was Completed on June 11,2009. (AE-10 compare to AE 6 and 9). Although, the Court had said documents in hand on Sentencing hearing day of August 10,2009, it did not sua sponte stop any of the court proceedings of June 10,2009 Plea Hearing nor Sentencing Hearing of August 10,2009 a direct abuse of the court's discretion as stated on pro se brief.

In reaching its opinion, the Fourth Court of Appeals opinion is in direct conflict with the Fundamental Fair Trial Due Process Rights guaranteed to defendants facing ciminal charges and Fundamental Canon 2, Code of Judicial Conduct and Burks v. State, 867 S.W.2d 877, 904-05(Tex.Crim.App.1994); also Tex.Rules of Appellate Procedure Rule 44.2(a) and Rule 33.1(a)(1)(A) and 33.1(a)(2)(A).

## Conclusion and Prayer

Appellant prays that this Court grant his petition for Discretionary Review and following the grant of review, appellant prays that this Court reverse the judgment of the Fourth Court of Appeals and Remand the case to that Court for a proper analysis of the issues; Grant Review under T.R.A.P. Rule 66.3(a)(c) and (e).

Respectfully Submitted,

Richard Lares, Pro Se
TDCJ-ID #1592255
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868


Pro Se

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was sent to the Honorable Clerk of the Court of Criminal Appeals of Texas at P.O.Box 12308, Capital Station, Austin, Texas 78711 by U.S. Postal Mail Inmate Drop Box on December 18,2015.

Appellant further Request that a copy please be sent to the Bexar County District Attorney's Office at Paul Elizondo Tower, 101 W.Nueva St., Fourth Floor, San Antonio, Texas 78205 because Appellant is **Indigent** and unable to send it himself for lack of copy machines in prison and appellant is not at liberty.

_____
Richard Lares, Pro Se

## Certificate of Compliance

Pro Se Appellant on appeal certifies this petition was typed on typewriter and complies with Texas Rules of Appellate Procedure Rule 68.5 as to Number of pages being 12 pages from the Conclusion and Prayer.

_____
Richard Lares, Pro Se
TDCJ-ID #1592255
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868

Exhibit 1

*Law Offices Of*
# HITCHINGS & POLLOCK
645 S. Presa
San Antonio, Texas 78210

Barry P. Hitchings
Julie B. Pollock

Telephone: (210) 224-1433
Telecopier: (210) 224-4840

May 30, 2015

Mr. Richard Lares
Prisoner No. 1592255
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868

RE:   Richard Lares, Appellant vs. State of Texas, Appellee
Fourth Supreme Judicial District Court of Appeals No. 04-15-00183-CR
Trial Court Number 2006-CR-10110

Dear Mr. Lares:

Enclosed is a copy of:

(1)     the Bexar County Criminal Justice System Event Log Display (also known as the "D" Page) in *State of Texas vs. Richard Lares*, Cause Number 2006-CR-10110;

(2)     a May 2, 2015 letter to Court Reporter Yvette Mendez (a visiting court reporter to the 399th District Court);

(3)     May 20, 2015 e-mail correspondence with attachments to Court Reporter Yvette Mendez in an effort to assist her in "re-creating" the record of the sentencing hearing conducted on August 10, 2009;

(4)     a May 5, 2015 letter to Court Reporter Cheryl Lyren (a retired court reporter);

(5)     Court Reporter Cheryl Lyren's Reporter's Record for the June 10, 2009 plea hearing in your case the original of which Ms. Lyren filed with the Fourth Court of Appeals;

(6)     216-pages representing the Clerk's Record filed by the Bexar County District Clerk with the Fourth Court of Appeals; and

(7)     a May 29, 2015 Amended Notice of Appeal (filed within 30-days of 399th District Court Judge Ray Olivarri's May 1, 2015 denial of your "Movant's Motion To Arrest Judgment") filed with the 399th District Court with a courtesy copy provided to the Fourth Court of Appeals.

As I informed you in my April 13, 2015 and May 8, 2015 letters to you my notice of appointment recites — "Notice of Appointment - Appeal." This means that my appointment as your court appointed attorney is to represent you in your "direct appeal" of your conviction and punishment. An attorney on a "direct appeal" is **limited** to raising errors that occurred at the trial which are found in the "record" of the case. The "record" consists of two things: (1) the "Court Clerk's Record" which was prepared by the Bexar County District Clerk and (2) the "Reporter's Record" which is prepared by court reporters "typing down" what is happening in your case when your case is being considered by the judge. For a "direct appeal" the court reporters will type up an

This is it!          Exhibit 1

original "Reporters Record" and file the original record with the Fourth Court of Appeals. The "Court Clerk's Record" and the "Reporter's Record" becomes the official record of the trial court proceeding. The "Court Clerk's Record" and the "Reporter's Record" becomes the official record that is sent up to the appellate court for review. Normally, in reviewing court reporters' records to develop issues to raise in a Direct Appeal, lawyers will look to see if the trial attorney made an objection to evidence "coming in" or to evidence that was "kept out." As a general rule, unless evidence is objected to at the trial court level an objection at the first time on direct appeal is considered waived. The reporters' records in your case shows very few objections from your trial attorney. Under the Texas Rules of Appellate Procedure, the court reporter has sixty (60) days from the date of sentence in which to file the "Reporter's Record" with the court of appeals. Court Reporters have the right to file a motion for extension of time to file the Reporter's Record and frequently do file requests for extension. Any "errors' claimed in the "direct appeal" must find support in "the record."

Your case is different from the "normal" case on direct appeal. **First**, according to the records of the Bexar County District Clerk, you were "sentenced" by then 399th District Court Judge Juanita Vasquez-Gardner on August 10, 2009 and Judge Vasquez-Gardner signed a "Judgment of Conviction by Court – Waiver of Jury Trial" the next day on August 11, 2009. This was the same "Judgment of Conviction – Waiver of Jury Trial" which erroneously recited the alleged "date of offense" as "03-23-2006" rather than alleging the date for which you entered a plea of nolo contendere of "09-03-2000" which later became the subject of three motions for nunc pro tunc which you subsequently filed. According to the Texas Rules of Appellate Procedure the deadline for the Court Reporter to file a "Reporter's Record" (*i.e.* 60 days from the date of sentence) would have been in 2009.

**Second**, your case did not involve a "contested trial" but consisted of a plea of "nolo contendere" on June 10, 2009 for which there is a court clerk's record (pages 82 to 125 of the Court Clerk's Record which is enclosed) and a reporter's record (*i.e.* court reporter Cheryl Lyren's 8-page reporter's record of the June 10, 2009 plea hearing a copy of which I enclosed with this correspondence). Visiting court reporter Yvette Mendez prepared an original and a copy of a "Reporter's Record" (of the August 10, 2009 sentencing hearing) on June 30, 2010 which according to Ms. Mendez your wife requested and paid for. According to Ms. Mendez' recollection, she gave the original and a copy of the August 10, 2009 sentencing hearing to your wife. When I checked with the Fourth Court of Appeals, the original "Reporter's Record" of the August 10, 2009 sentencing hearing was never filed with the Fourth Court of Appeals. When I had my first telephone conversation with court reporter Mendez in April 2015 I had to "refresh" her memory about the case and she told me that she would try to find a record of her old "reporter's record." I told her that I would be sending her a letter setting out what I needed from her which I sent on May 2, 2015. On May 18, 2015 your mother and stepfather came by my office and your mother provided me with a "copy" of Ms. Mendez' reporter's record of the August 10, 2009 sentencing hearing consisting of

2

123-pages which I have reviewed in its entirety. After receiving the copy from your mother I asked a representative of the Fourth Court of Appeals if the "copy" could be filed with the Fourth Court if Ms. Mendez was not able to prepare an original. The Fourth Court representative informed me that the "original" of the sentencing hearing would have to be submitted to the Fourth Court by the court reporter. Court Reporter Mendez subsequently informed me that the old August 10, 2009 "Reporter's Record" was prepared using old "software" that she didn't have anymore and she would need to convert the old "Reporter's Record" from the old software into a new "Reporter's Record." Ms. Mendez asked me to e-mail copies of pages 1, 2, 3, 4, 5, 120, 121, 122 (which is a blank page) and 123 to assist her in the converting process. She later informed me that she would need to have the entire copy which I received from your mother in order to prepare a new reporter's record. Ms. Mendez picked up the copy from my office on May 23, 2015. Ms. Mendez informed me that with the conversion the pages would probably be different. When I checked with the Fourth Court of Appeals on May 29, 2015, Ms. Mendez had still not submitted the sentencing "reporter's record" nor had Ms. Mendez requested an extension. I will contact Ms. Mendez next week.

**Third,** in August 2010 a pro-se application for a writ of habeas corpus in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure was filed. On August 24, 2010, then 399th District Court Judge Juanita Vasquez-Gardner signed an "Order Designating Issues" and identified "ineffective assistance of counsel" as the issue requiring resolution in the state Article 11.07 writ of habeas corpus proceeding. Also on August 24, 2010, Judge Vasquez-Gardner signed an "Order on Application for Post Conviction Writ" requiring your trial attorney Joe D. Gonzales to file an affidavit addressing the following issues:

a. Counsel told Applicant that he would be placed on probation if he entered a plea of *nolo contendere.*

b. Counsel failed to inform Applicant that he was not eligible for probation.

c. Counsel failed to offer into evidence Applicant's VA and medical records in order to establish Applicant's incompetence and to rebut the state's witnesses' claims that Applicant is competent;

d. Counsel failed to file a notice of appeal after the trial court admitted evidence of extraneous offenses during Applicant's sentencing hearing.

Attorney Patrick R. McCann subsequently entered an appearance as your attorney in the habeas corpus case and filed a Motion for Evidentiary Hearing which Judge Vasquez-Gardner denied on September 8, 2011. Mr. McCann subsequently withdrew as your attorney in September 2011 claiming that you had terminated his services. On October 24, 2011, Judge Vasquez-Gardner signed an "Order" on your pro-se application for post-conviction writ of habeas corpus which contained detailed Findings of Fact and Conclusions of Law and recommended that the pro-se application for

3

post-conviction writ of habeas corpus be denied and that a copy of the October 24, 2011 "Order" be forwarded to the Texas Court of Criminal Appeals. On December 7, 2011, the Texas Court of Criminal Appeals denied without written order the application for writ of habeas corpus on the findings of the trial court without a hearing in writ number WR-76,700-01. Subsequently, on August 15, 2012 the U.S. District Court for the Western District of Texas denied your post-conviction federal writ in SA-11-CA-1073-OG.

**Fourth**, on October 5, 2012, then 399th District Court Judge Vasquez-Gardner signed an Order Appointing Appellate Counsel Vincent Dennis Callahan (Bar#: 3651700) to represent you on a direct appeal in accordance with Article 26.04(f) or 26.052 of the Code of Criminal Procedure (Clerk's Record page 139). However, on November 15, 2012, Mr. Callahan filed an "Appointed Counsel's Motion to Withdraw as Attorney of Record" on direct appeal claiming, in part, that "the state writ application, the federal writ application and the pending pro se pleading (Permission to File Notice of Direct Appeal and Brief in Support) all state the same complaints of the defendant, including an allegation of insufficient evidence (but not a recantation by the complainant) and a request to file an out of time appeal" and "further attempted prosecution of the pending pro se pleading would be an abuse of the writ process and also be frivolous." (Clerk's Record pages 140-142). On the same day (*i.e.* November 15, 2012) Judge Vasquez-Gardner granted attorney Callahan's Appointed Counsel's Motion to Withdraw as Attorney of Record. (Clerk's Record page 143). Normally, a person wanting to appeal will pursue a direct appeal first and if the direct appeal is unsuccessful, the person will then pursue a post-conviction application for a writ of habeas corpus. However, for any number of reasons, in your case the post-conviction writ of habeas corpus was pursued first followed by the direct appeal. Unfortunately, when Mr. Callahan's motion to withdraw was granted on November 15, 2012, you were never able to pursue a direct appeal.

**Fifth**, on January 26, 2015, 399th District Court Judge Ray Olivarri signed a "Judgment Nunc Pro Tunc" which recited that "[t]he Court, having concluded that a clerical error was made in the defendant's judgment of August 10, 2009 which resulted in an improper Date of Offense on defendant's judgment, hereby orders the defendant's judgment changed to read as follows: **Date of Offense: 09-03-2000.**" (Clerk's Record page 271). The Clerk's Record then recites that on March 5, 2015 you filed a pro-se "Motion to Arrest Judgment" (which was placed in the prison mail box on February 25, 2015). (Clerk's Record pages 179-207 including attachments). In your pro-se "Motion to Arrest Judgment" you assert that:

> On February 2, 2015 Movant received the Court's Judgment and its ORDER to change Offense Date to 09-03-00, eventhough movant provided the Court with a proper NOTICE that if the Honorable Court did GRANT the change it would lose Jurisdiction and its Judgment would be VOID. See Movant's Nunc Pro Tunc Motion to Correct Clearical (*sic.*) Error Page 2 Lines 20-22. This being a Judgment Ruling imposed on the Sentence may

4

entitle movant to Arrest of Judment (*sic.*) As stated in Rule 22.2 (a), (b) and [c], Tex.App.Pro.R.. Because the Judgment Rendered is Contrary to Law for want of Jurisdiction.

(Clerk's Record page 179). On Page 2 of your pro "Nunc Pro Tunc Motion to Correct Clearical (*sic.*) Error" you assert under the heading of "NEWLY AVAILABLE/DISCOVERED EVIDENCE" that:

> This third Party Credible Affidavit [photograph and Affidavit of Retired Arizona Officer Steve Allen Costello] gives merit to Movant's Actual Innocence Claims of having a Sound Alibi that was never subpoena or investigated by trial counsel for the alleged date in Count I September 3, 2000 as seen on Movant's [writ of habeas corpus] 11.07 Exhibit 104. These facts being true render The 399th Judicial District Court's Judgment VOID for want of jurisdiction to prosecute. Lowery v. Estelle, 696 F.2d 333 (5th Cir. 1983).

(Clerk's Record, page 165). A summary of the issues raised in your pro-se "Motion to Arrest Judgment" is as follows:

1. The January 26, 2015 Judgment Nunc Pro Tunc signed by Judge Olivarri correcting the alleged date of the offense from the incorrect "03-23-2006" to "09-03-2000" caused the 399th District Court to "lose Jurisdiction and its Judgment would be VOID. . . . because the Judgment Rendered is Contrary to Law for want of Jurisdiction.

2. The "alleged victim's affidavit (complaint) is VOID of alleging an offense for 09-03-2000 when she was 10 years old and in the 5th Grand and attending Glen Oaks Elementary. The "allege Victim's Complaint on Sworn Affidavit made to Det. Armstrong 'My birthday is 09-04-89' and 'I was around the age of thirteen . . . when my Dad first had sexual relations with me" Lines 1-6. If the complaint is the charge then the instrument submitted by its tenor did not complain about 09-03-00 on its face, because she turned 13 y.o. on 09-04-02. See [writ of habeas corpus] 11.07 Exhibit 101, and 105. Under the Heading of "NEW EVIDENCE" attached photograph of complainant in Camp Verde Arizona standing next to Arizona Officer Steve Costello on 09-03-2000 (the date of offense alleged in the Indictment).

3. Trial attorney Joe Gonzales caused you to enter a nolo contendere

5

plea by deception thus rendering your plea of nolo contendere involuntary. If our jurisprudence is to regard a Plea Agreement as a contract between the defendant and State, there cannot be permitted even the slightest measure of fraudulent inducement to that contract. Citing Rios v. State 377 S.W. 3d 131 (Tex.Crt.App.2012). In Amaya Holding that a guilty plea induced by deception, an unfulfilled promise, or misrepresentation is an Involuntary Plea, and that a trial court's unenforceable promise to review the Government's decision whether to file a § 5K 1.1 Motion rendered a guilty plea involuntary. United States v. Amaya, 111 F.3d 386, 388-89 (5th Cir. 1997).

Although not claimed in your pro-se "Motion Requesting Nunc Pro Tunc for Time Resolution" file dated February 27, 2012 (Clerk's Record 132-138); your pro-se April 9, 2014 file dated "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Clerk's Record 147-152); your pro-se December 3, 2014 filed dated "Motion for Nunc Pro Tunc on Plea Bargain"(Clerk's Record 157-163); or your March 5, 2015 file dated "Motion to Arrest Judgment"(Clerk's Record 179-207), in several letters you addressed to me you claim that the action of 399th District Court Judge Ray Olivarri action in the "Judgment Nunc Pro Tunc" correcting the alleged date of offense from the incorrect "03-23-06" date to the date of 09-03-2000 caused the Judgment to become VOID AB INITIO. In a April 22, 2015 letter to me with an attached "NOTICE" to the Fourth Court of Appeals you recite that:

the 399th's Judgment Nunc Pro Tunc is Appealable due to the Honorable Court's Original Judgment and Conviction being VOID ab initio for lack of Jurisdiction to act as a Court in Cause 2006-CR-10110, because the alleged victim did not allege any criminal offenses occurring on Count I Date of September 3, 2000 and Count II Date of September 3, 2001 when she was 9 and 10 years old respectably. In alleged victim's Affidavit to Det Armstrong clearly stated the (sic.) She is alleging a date for when she was 13 years old not 9 or 10. This being true renders the indictment Void and the contracted Plea Agreement Involuntary for fraudulent false information grossly misrepresented by the detective and the D.A. of Bexar County. A Crime Not Alleged by the tenor of the Affidavit is a Jurisdictional Matter which does not give the court any inherent power to act as a court. Appellant's in court testimony is Prima Facie to this material issue. See RR Pages 88- lines18, 19 and 20. In order to better clearify (sic.) All issues appellant has consistently requested an Evidentiary Hearing but has been denied at every level of the Courts.

The Honorable 399th Court correctly corrected the clericale (sic.) error but ignored the rest of the Nunc Pro Tunc's material evidence for lack

6

of Jurisdiction in accepting a Plea Bargain Based on induced fraudulent information in which the Court is unable to accept such pleading based on erroneous information, its inability to even offer said contractual agreements. The Appellant should be Released Forthwith due to wrongful incarcereation and illegal sentence.

In a April 25, 2015 letter to me you state that:

> It turns out that I am not under any time constraints or limits as my case is a Void case ab initio. A void case can be appealed / raised at any time. Trust me, I read the T.C.C.P. Rule!

In an April 25, 2015 "NOTICE to the 4th Court of Appeals" in paragraph I you recite:

> Appellant avers that the 399th Judicial District Court correctly changed the Offense Date to reflect the Plea Bargain's Contractual Agreement as per Appellant's Nunc Pro Tunc Motion to Correct Clerical Error, but the Contract was Void ab initio because the Offense Date of Sept 3, 2000 was not alleged by the alleged victim's affidavit as an offense being committed against her. As such the jurisdiction of the 399th Judicial District Court is not inherent of any jurisdiction to act as a court in case at bar.

In the April 25, 2015 "NOTICE to the 4th Court of Appeals" you cite as authority the cases of Rios v. State, 377 S.W.3d 131 (Tex.App.–Houston [1st Dist.] 2012); Ex Parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996); and Menefee v. State, 287 S.W.3d 9 (Tex. Crim. App. 2009).

In a April 28, 2015 letter to me you demand that I — "Dispute my Judgment Being Void Ab initio!"

In a May 12, 2015 letter to me you state that "I would like for you to make a 60 (b) (4) Motion — The Judgment is Void; "ab initio." The Rule states "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

In a May 16, 2015 "NOTICE to the 4th Court of Appeals" in paragraph IV you state:

> Appellant avers that he informed appointed counsel of his intent to present an Actual/Factual Innocence Defense with reference to the Honorable 399th's **Void Judgment "ab initio"** due to induced misadvised by trial counsel to Plea to an Offense Not Alleged date of Sept. 03, 2000 as stated in

7

appellant's "Motion to Arrest" Exhibit "A". But said issue was not presented by appeals counsel for whatsoever reason and appellant wished to Notice the Honorable Appeals Court that he would like counsel to present said issue if Show Cause Order Response is approved,

Liberally construing your pleadings, notices and letters regarding the judgment in your case either being Void or Void Ab Initio, you have cited the following cases in support of this proposition:

1. Rios v. State, 377 S.W.3d 131 (Tex. App. – Houston [1ˢᵗ Dist.] 2012 *pet ref'd)*;
2. Ex Parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996);
3. Menefee v. State, 287 S.W.3d 9 (Tex. Crim. App. 2009);
4. Lowery v. Estelle, 696 F.2d 333 (5ᵗʰ Cir. 1983);
5. United States v. Amaya 111 F.3d 386 (5ᵗʰ Cir. 1997);
6. Roberts v. State, 489 S.W.2d 113 (Tex. Crim. App. 1973);
7. Durst v. State, 900 S.W.2d 134 (Tex. App. -Beaumont, 1995 *pet ref'd)*;
8. State v. Bates, 889 S.W.2d 306 (Tex. Crim. App. 1994);
9. Ex Parte Rich, 194 S.W.3d 508 (Tex. Crim. App. 2006)

My Case

＊ Rios v. State is in some respects like your case on the issue of an involuntary / voluntary plea. Believing that the DWI breath tests showed him twice the legal limit for intoxication, Rios pled guilty to a DWI and was placed on community supervision. Later the trial court granted the State's Motion to Revoke Rios' community supervision and sentenced Rios to 120 days confinement. As he was being sentenced to serve 120 days incarceration, the State informed Rios that the breath tests results showing his blood alcohol concentration to be approximately twice the legal limit were invalid and that the breath test technician had lied. Rios then applied to the trial court and was denied habeas corpus relief. At the habeas corpus hearing the State and Rios attorney even agreed to a dismissal of the charges against Rios. Rios testified that he pleaded guilty based upon the breath test results and without the breath test results he would not have entered a plea of guilty. However, the habeas corpus trial court judge acted more like a prosecutor than a judge and the trial judge actively cross-examined Rios. The Houston Court of Appeals criticized the trial judge and concluded that it was undisputed that the technical supervisor who maintained the intoxilyzer had falsified the calibration records and misrepresented the scientific validity of Rios' breath test results. The Houston Court of Appeals granted Rios his requested habeas corpus relief. There are several differences between the Rios case and your case. First, Rios is a state habeas corpus proceeding and your case is a Direct Appeal. Second, in a habeas corpus proceeding Rios' attorney could go outside the record and was not limited to the original trial court record. Third, the prosecutor for the State agreed that the charges against Rios should be dismissed and the habeas corpus relief granted. Apparently the State did not agree to your habeas corpus claims. Fourth, in Rios, the State agreed

8

that the prosecution DWI records were falsified.

Ex parte Elizondo is a habeas corpus case and not a Direct Appeal. Elizondo petitioned for habeas corpus relief based upon newly discovered evidence showing actual innocence and his habeas corpus attorney was able to go "outside" of the trial court record. The Texas Court of Criminal Appeals ruled that in a habeas corpus proceeding claiming actual innocence based upon newly discovered evidence:

> if an applicant can prove by clear and convincing evidence to this Court, in
> the exercise of its habeas corpus jurisdiction, that a jury would acquit him
> based on his newly discovered evidence, he is entitled to relief.

Elizondo at 209. In Elizondo, Joe Elizondo was convicted in a jury trial for aggravated sexual assault of his step-son Robert an given a life sentence. However, over 13-years later when Robert and his younger brother were grown men, they claimed that the testimony given over 13-years previously by Robert was false. At the habeas corpus proceeding both brothers testified that "their natural father relentlessly manipulated and threatened them into making [false] allegation against Elizondo in order to retaliate against their natural mother, his ex-wife, for marrying Elizondo years before." Id. at 210. The effect of Robert recanting his testimony convinced the Texas Court of Criminal Appeals to grant Elizondo habeas corpus relief. Unfortunately, these are not the facts in your case.

In Menefee, Robert Menefee was convicted on a guilty plea of possession of cocaine with intent to deliver in an amount of more than one but less than four grams. Menefee also pled true to an enhancement allegation that the offense occurred within 1000 feet of an institution of higher learning subjecting him to punishment as an enhanced first-degree felon. The trial court assessed his punishment at confinement in the penitentiary for 56-years. On appeal, Menefee argued that the written stipulation in his plea to the trial court simply recited the phrase "did then and there with intent to deliver" (leaving out the key phrase "possess" with intent to deliver) which was the legal charge. In a 6 to 3 decision, the Texas Court of Criminal Appeals vacated and remanded Menefee's case to the Court of Appeals for consideration of unresolved issues. However, these are not the facts in your case.

Lowery v. Estelle is an appeal to the Fifth Circuit of a federal district court's denial of a petition for habeas corpus of a state conviction. Lowery was charged with both murder with malice and robbery by firearms in state court. In the murder case Lowery was sentenced to death. While the appeal of the murder case was pending, the robbery charge came to trial. For some reason, the State in the robbery case struck the indictment's allegation "by using and exhibiting a firearm, to wit: a gun" which motion was granted by the trial court. On the redacted indictment, the jury convicted Lowery and assessed punishment for a term of not less than five nor more than five hundred years.

9

Lowery's murder conviction was subsequently reversed by the Texas Court of Criminal Appeals and the trial court subsequently granted Lowery a new trial on the Robbery charge. On retrial of the robbery charge, the State revived the robbery indictment's allegation of the use of a firearm. Lowery was subsequently sentenced to terms of 99-years on each offense. In a habeas corpus post-conviction writ application Lowery claimed that: (1) the dismissal of an indictment conclusively ousts the trial court of jurisdiction; (2) a subsequent order purporting either to reinstate the cause or enter judgment thereon is **void ab initio**; (3) the defect cannot be waived, but can be raised at any point in direct or post-conviction proceedings; (4) the striking of the indictment's allegations of use of a firearm is tantamount to dismissal of the greater offense; and (5) argues from the settled principles governing dismissal of whole indictments that a conviction entered on a charge including a reinstated element is void. The Fifth Circuit concluded that – "Lowery cites, and our research has unearthed, no Texas precedent directly addressing his argument" and "accordingly leave these matters to other proceedings. Id. at 337, 339. The Lowery case involves an original dismissal of "part" of an indictment and a subsequent retrial on the "reinserted" portion of the original indictment that had been earlier dismissed. Your case does not involve a dismissal of an indictment or of a part of an indictment and a subsequent re-trial. Also, in Lowery. in the opinion by Circuit Judge Johnson, the Fifth Circuit didn't rule on Lowery's claims relating to the indictment.

United States v. Amaya involved an involuntary plea relating to federal sentencing guidelines. Amaya entered a plea of guilty pursuant to a plea agreement to a charge of aiding and abetting possession with intent to distribute in excess of 5 kilograms of cocaine. In a plea agreement, the government reserved the option to act within its discretion to move for a departure from the applicable sentencing guidelines pursuant to § 5K of the sentencing Guidelines. Amaya's attorney for the record stated that Amaya's plea was made "in return for a 5K request and expressed concern that a different prosecutor might take over the case and not file a § 5K motion for a downward departure. However, then U.S. District Court Judge Samuel Kent assured Amaya that it would compel the Government to fulfill its side of the bargain provided that Amaya complied with the terms of the plea bargain. At sentencing, the Government did not move for a downward departure pursuant to 5K1.1. To Amaya's shock and disappointment, Judge Kent then informed Amaya that "contrary to its earlier assertions, it had no power to inquire into the Government's decision not to file the §5K1.1 motion, nor did it have the power to treat Amaya's fulfillment of the conditions of the plea agreement as if a § 5K1.1 motion had been filed. Amaya's trial attorney then moved to withdraw Amaya's guilty plea which Judge Kent denied. The district court then sentenced Amaya to 120 months prison. Years later the district court granted Amaya permission to pursue an out-of-time appeal. The Fifth Circuit ruled concluded that "a situation in which a defendant is induced by deception, an unfulfillable promise, or misrepresentation to enter a plea of guilty does not meet the standard of voluntariness articulated by the Supreme Court and such a plea is involuntary. Fortunately for Amaya, the court reporter took the various statements by Judge Kent and Amaya's trial attorney and made it a part of the record on appeal.

10

Roberts v. State involves a case in which an indictment was amended by striking out the words – "of the 181st Judicial District." The Texas Court of Criminal Appeals affirmed the judgment of conviction and ruled that "the appellant did not take exception to the amended indictment until after trial. He did not make a timely exception and avail himself of the provisions of Article 28.01, V.A.C.C.P. Id. at 115.

Durst v. State is a case in which defendant Durst immediately after her guilty plea in which she received a sentence of 10-years confinement informed the trial judge that she was under the impression that she would only have to serve 1 month for each of the 10 years (i.e. 1/10th of the time). The trial judge then asked Ms. Durst if she wished to withdraw her guilty plea "to which she responded in the affirmative." The trial judge let Ms. Durst withdraw her guilty plea and start all over. When the case came to trial again, Ms. Durst entered a plea of guilty, and requested the jury rather than the trial judge assess her punishment. The jury then returned a sentence of 99-years. On appeal, Ms. Durst complained that the trial judge committed error in allowing her to withdraw her plea of guilty without the necessity of filing a motion for new trial or a motion in arrest of judgment. Id. at 137. The Beaumont Court of Appeals noted that

> once sentence has been imposed, a defendant may return to her pre-sentence status in one of the following three ways: (a) a motion for new trial; (b) a motion to arrest judgment; or [c] appeal. On that basis, the State alleges that the court was correct in granting the motion and in returning the case to its presentence status. In contrast to the State's position, appellant contends that the motion to withdraw plea cannot be a valid motion for new trial, because it is not in writing. Appellant further contends that her motion to withdraw plea should not be construed as a motion in arrest of judgment. This Court is in agreement that there is no motion in arrest of judgment in this case.

You have quoted the language in Durst that you are returned to a pre-sentence status by a motion for new trial, a motion to arrest judgment or an appeal in paragraph III of your pro-se "Motion to Arrest Judgment." However, it is not simply the filing of a motion for new trial, a motion to arrest judgment or an appeal that allows someone to return to a "pre-sentence status." To return to a "pre-sentence status" the court would be required to grant a motion for new trial or a motion to arrest judgment or reverse a case on appeal. As I previously informed you in your case and as I recited in the Show Cause Response to the Fourth Court of Appeals, 399th District Court Judge Ray Olivarri on May 1, 2015 denied your Motion to Arrest Judgment.

State v. Bates, involved a motion for new trial, an order granting a motion for new trial as to punishment only, a reversal of a trial court's orders, a reinstated conviction and an appeal to the Texas Court of Criminal Appeals. The Texas Court of Criminal Appeals ruled that:

11

> [t]he Rules of Appellate Procedure allow a trial court to modify, correct or set aside judgments and orders through motion for new trial, motions to arrest judgment and motions for nunc pro tunc. Tex.R.App.Proc. 30, 33 and 36. Rule 36 vests a trial court with the authority to correct mistakes or errors in a judgment or order after the expiration of the court's plenary power, via entry of a judgment nunc pro tunc. A judgment nunc pro tunc, which literally means "now for then," may not be used to correct "judicial" errors, i.e., those errors which are the product of judicial reasoning or determination. Instead, nunc pro tunc orders may be used only to correct clerical errors. . . . Absent clerical errors a trial court can not alter orders granting a new trial outside the time of its plenary power. Id. at 309.

Ex parte Rich involved the issue of whether Rich should be allowed to raise a claim of an illegal sentence based upon an improper enhancement for the first time on a writ of habeas corpus, or whether such claim is forfeited by: 1) Applicant's failure to raise it on direct appeal; or 2) Applicant's plea of true to such enhancements during the plea proceedings. Rich had been charged with felony DWI with two felony enhancement paragraphs involving injury to an elderly person and delivery of a controlled substance. Rich pled guilty and was sentenced to 25 years confinement. No direct appeal was taken. Later, Rich learned that the delivery of a controlled substance enhancement charge had been reduced to a misdemeanor after a motion for new trial had been granted. The habeas corpus trial court concluded that at most Rich's third degree felony could have been enhanced to a second degree felony (2-20 years imprisonment). Thus, Rich's punishment was for 5 years more than the maximum. The Texas Court of Criminal Appeals concluded that:

> Although Applicant bases his argument for relief on actual innocence grounds, we believe that it is not only unnecessary but incorrect to treat this case as if it involves such a claim. Because one of the enhancements underlying Applicant's sentence was proven to be untrue, Applicant has a claim that is similar to those advanced in actual innocence cases. However, Applicant's situation should be addressed as a claim of illegal sentence because the mischaracterization of his prior offense affected his sentence, rather than the trial court's determination of guilt. There is no evidence that Applicant is innocent of the delivery of the controlled substance offense alleged in the enhancement paragraph, and the mischaracterization of this misdemeanor conviction as a felony does not make him innocent of the primary offense of driving while intoxicated.

Id. at 515. The Texas Court of Criminal Appeals granted Rich's habeas corpus and remanded the case to the trial court to answer the charges set out in the indictment.

12

If you have any other cases that you believe support a claim that the judgment in your case is void ab initio, please let me know. My reading of the nine cases that you have cited that are set forth above does not support such a claim of void ab initio. In addition, based upon the Court Clerk's Record and the Court Reporter's Record in which I am limited to in filing a "direct appeal" to the Fourth Court of Appeals, I don't see anyway to pursue an Actual Innocence Claim or an Alibi Defense in the direct appeal. The Actual Innocence claim is based upon your claim of an involuntary plea due to the ineffective assistance of your trial counsel Joe Gonzales. The Alibi Defense is based, in part, on the complainant being in another state on September 3, 2000 (the date of the offense alleged in the indictment) which also effects your Actual Innocence claim. In the U.S. Supreme Court case of Trevino v. Thaler, which I wrote to you about in my May 8, 2015 letter, Justice Breyer writing for the United States Supreme Court stated:

> First, Texas procedure makes it "virtually impossible for appellate counsel to adequately present an ineffective assistance [of trial counsel] claim" on direct review. As the Texas Court of Criminal Appeals itself has pointed out, "the inherent nature of most ineffective assistance" of trial counsel "claims" means that the trial court record will often fail to "contain the information necessary to substantiate" the claim. Ex parte Torres, 943 S.W.2d 469, 475 (1997)(en banc). . . . In the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). . . . Texas courts in effect have directed defendants to raise claims of ineffective assistance of trial counsel on collateral, rather than on direct, review. As noted, they have explained why direct review proceedings are likely inadequate. Cites omitted. . . . They have held that failure to raise the claim on direct review does not bar the defendant from raising the claim in collateral proceedings. Cites omitted. . . . They have held that the defendant's decision to raise the claim on direct review does not bar the defendant from also raising the claim in collateral proceedings. Cites omitted. . . . They have suggested that appellate counsel's failure to raise the claim on direct review does not constitute "ineffective assistance of counsel." Cites omitted. . . . And Texas' highest criminal court has explicitly stated that "[a]s a general rule" the defendant "should not raise an issue of ineffective assistance of counsel on direct appeal," but rather in collateral proceedings. Cites omitted.

133 S.Ct. 1911, 1919, 1920 (2013).

In your April 25, 2015 "NOTICE to the 4th Court of Appeal" you claim that the trial court's actions in granting your nunc pro tunc motion and changing the offense date in the "Judgment of

13

Conviction - Waiver of Jury Trial from "03-23-2006" to "09-03-2000" to "reflect the Plea Bargain's Contractual Agreement" created a situation in which

> the Contract was Void ab initio because the Offense Date of Sept 3, 2000 was not alleged by the alleged victim's affidavit as an offense being committed against her. As such the jurisdiction of the 399th Judicial District Court is not inherent of any jurisdiction to act as a court in case at bar.

There are several problems with this reasoning. First, Article 21.02 (6) of the Texas Code of Criminal Procedure provides that "an indictment shall be deemed sufficient if it has the following requisites":

*When was this law enacted?*

> 6. The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.

In <u>Sanchez v. State</u>, the Texas Court of Criminal Appeals ruled that:

> [b]ut that reasoning ignores that appellant was not just charged with criminal conduct that might have occurred on January 24, 2006. He was, instead, charged with conduct that might have occurred "on or about" January 24, 2006. It is well settled that the "on or about" language of an indictment **allows the State to prove a date other than the one alleged in the indictment** as long as the date is anterior to the presentment of the indictment and within the statutory limitation period.
>
> What that means in the instant case is that the State could have obtained a conviction of any solicitations by appellant to "Molly" that occurred on or before the date in the indictment up to the statute of limitations cutoff date.

400 S.W.3d 595, 600 (Tex. Crim.App. 2013)(Emphasis Added). In <u>Wright v. State</u>, the Texas Court of Criminal Appeals ruled that:

*Well settled*

> It is well settled that the "on or about" language of an indictment allows the state to prove a date other than the one alleged as long as the date proven is anterior to the presentment of the indictment and within the statutory limitation period. *See* Art. 21.02(6); <u>Sledge v. State</u>, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997); <u>Mitchell v. State</u>, 330 S.W.2d 459, 462 (Tex. Crim. App. 1959). There is no statute of limitations period for murder. *See* Art. 12.01(1). Hence, when appellant was indicted for murder, he was put on

14

*No Statute of limitations period for Murder*

CAUSE NO. 04-15-00183-CR

FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

RICHARD LARES,
Appellant

v.

THE STATE OF TEXAS,
Appellee

## NOTICE

TO THE HONORABLE JUSTICE(S) OF SAID COURT OF APPEALS:

Comes Now, Richard Lares, Appellant herein, in style and cause and provides Notice to the Honorable Justice(s) that Court Appointed Counsel's performance has already fallen below an objective standard and in support of this claim appellant provides the following:

I.

Appellant avers that NO Notice was sent to him from either the Honorable 399th Judicial District Court nor the Honorable Fourth Court of Appeals informing him that Appellant was facing DISMISSAL for not properly filing Notice of Intent to Appeal the 399th's Judgment Nunc Pro Tunc correcting the date of Offense, on January 26, 2015, ruling of the Court.

II.

Appellant avers that he received a CERTIFIED LETTER from a Court Appointed attorney named Barry P. Hitchings and Julie B. Pollock on April 21, 2015, 21 days after being appointed as per "STIC NET " an Automatic EMAIL Generated by the Court, dated March 26, 2015 as the day Counsels were appointed. Said Email states "You are REQUIRED BY LAW to make every reasonable effort to CONTACT THE DEFENDANT not later than the end of the FIRST WORKING DAY after the date on which you are appointed and to 'INTERVIEW THE DEFENDANT' as soon as practicle thereafter."

Exhibit 2

1 of 4

Appointed Counsels did not make any reasonable effort to contact Appellant and thus failed to inform Appellant of **Vital Information** violating Rule 1.01 of TRPC specifically Comment six which gives an elucidation as to what is competent and diligent representation. Counsels' deficient performance has prejudiced the Appellant by not allowing him to be prepared to defend and provide a Justifiable "Good Cause" for not filing his notice of intent to appeal. Although, the Response may seem simple to prepare by any professional attorney at law, said response requires **interviewing the defendant** in person when possible inorder to make a Full and Fair Defense preparation for the response.

### III.

Appellant avers that he can not have confidence in the appointed counsels' representation since said counsels' have already started with a bonified handy cap/disability which may indicate that counsels' schedule may not allow them to fit their new client into their already busy schedule, further denying appellant competent legal representation. In order to Test appellant's aleged theory, the appellant has provided TWO GOOD CAUSE reasons that have been accepted in the United States Supreme Court in Trevino 133 S.Ct. 1911 and Ex Parte McCarthy, Tex:Court of Criminal Appeals 2013, to include the fact that the Appellant is going through a Divorce and his soon to be ex-wife, Karina Lares-Guevara, has consistantly refused to return appellant's legal working papers and Newly Discovered/Available Affidavits and Material Evidence that would exonerate the Appellant and said bad faith has caused many denials in State and Federal Courts.

### IV.

Appellant avers that the 399th Judicial District Court, respectfully speaking, has ignored his Motions and Requests for the examination of the Pre-Sentence Investigation Report which clearly indicated Appellant's Actual/Factual Innocence of Alibi Defense Credible Third Party Eyewitnesses of Appellant's and the Aleged Victim's whereabouts on ALL Counts and Dates to include a ReTired Arizona Officer's Affidavit and Testimony, Notarized but Appellant's Ex-Wife

has once again refused to provide the original to the Appellant, but he does have a JPay photo of the Officer's Affidavit with his name, badge number, and current address provided with his intended testimony for the court.

## V.

Appellant avers that the 399th's Judgment Nunc Pro Tunc is Appealable due to the Honorable Court's Original Judgment and Conviction being VOID ab initio for Lack of Jurisdiction to act as a Court in Cause 2006-CR-10110, because the aleged Victim did not alege any criminal offenses occurring on Count I Date of September 3,2000 and Count II Date of September 3,2001 when she was 9 and 10 years old respectably. The Aleged Victim's Affidavit to Det.Armstrong clearly stated the she is aleging a date for when she was 13 years old not 9 or 10. This being true renders the indictment Void and the contracted Plea Aggreement Involuntary for fraudulent false information grossly misrepresented by the detective and the D.A. of Bexar County. A Crime Not Aleged by the Tenor of the Affidavit is a Jurisdictional Matter which does not give the court any inhirent power to act as a court. Appellant's in Court testimony is Prima Facie to this material issue. See RR Pages 88 - Lines 18,19 and 20. In order to better clearify all issues appellant has consistantly requested an Evidentiary Hearing but has been denied at every level of the Courts.

The Honorable 399th Court Correctly corrected the clerricale error but ignored the rest of the Nunc Pro Tunc's matterial evidence of Lack of Juridiction in accepting a Plea Bargain Based on induced fraudulant information in which the Court is inable to accept such pleading based on such errounous information, its inability to even offer said contractual agreements. Thus Appellant should be Released Forthwith due to wrongful incarceration and illegal sentence.

## PRAYER

WHEREFORE PRIMISES CONSIDERED, Appellant prays that the Honorable take all of the above information into consideration and the unique circumstances involved that may have prevented appellant from filing a proper Notice of Intent to App

3 & 4

eal. Appellant further Notice the Honorable Court of Appeals that he is Mentally Ill/Disabled and **requires an Attorney** who is ADA qualified to represent a client with mental disorders. Appellant is a U.S.Army SpecialForces Combat Vet. who suffers from Post Traumatic Stress Disorder and Schitzo-Affective Disorder as ruled in Military Veteran's Court for his disability being delusional and having a false sence of reality. Inmates have come together and helped him put this letter together and all other pleading together as well, his own pleas. SO MOVED, SO PRAYED FOR THAT THIS NOTICE BE CONSIDERED.

Sincerely Submitted,

Richard Lares, Pro Se

## CERTIFICATE OF SERVICE

I certify that I have read the pleadings and to the best of my knowledge and belief, formed after reasonable inquiry, that the instrument is NOT Groundless, or brpught in Bad Faith or brought for the purpose of Harrasment, unnecessary delay, or other improper purpose. That on the date written in this Certification, Appellant has forward a true and correct copy of this Notice to the Clerk of the Fourth Court of Appeals District, Cadena-Reeves Justice Center, 300 Dolorosa, Suite 3200, San Antonio, Texas 78205-3037 and Appointed Counsels Barry P. Hitchings, Hitchings and Pollock, 645 South Presa, San Antonio, Texas 78210 delivered by U.S.Postal Mail April 23,2015.

Respectfully,

Richard Lares, Pro Se
1592255 TDCJ-ID
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868

"De Oppresso Liber"

4 of 4

Exhibit 3

June 3, 2015

CAUSE NO. <u>04-15-00183-CR</u>

FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

RICHARD LARES,
Appellant

V.

THE STATE OF TEXAS,
Appellee

<u>NOTICE</u>

TO THE HONORABLE JUSTICES OF SAID COURT OF APPEALS:

Comes Now, Richard Lares, Appellant herein, in style and cause and provides Notice that Mr. Barry P. Hitchings, Court Appointed Appeals Attorney, is unable to meet with or visit, is unable to receive any **Alibi** Material Newly Discovered/Available Evidence in Appellant's pocession because his schedule is Full and his Copier is Broken and in support will show the following:

I.

Appellant has a 30 deadline to turn in Appeal Brief and is unsure if Counsel is able to meet with him, as he has told my mom that he is unable to meet with her because he is in court constantly, my mom, Maria Chapman has said Newly Discovered/Available Evidence and most of it was **Excluded** from trial by trial counsel. Said evidence is **Dated Photos** of the Dates in Question with sound Alibis and their Affidavits as to what they would testify about if called. Trial Counsel never Investigated, Subpoena, or Interviewed them even though counsel was aware of **ALL** Material Evidence, most of said evidence was in his hands too.

II.

Appellant avers on this day June 3, 2015 it being brought to the attention of the Honorable Justices that Appointed Counsel's Copies are substandard, unreadable and blackened to the point where the Hon. Justices cannot apprise its value. See Two Pages from <u>Exhibit A Motion To Arrest Judgment</u>, of April 7, 2015.

Exhibit 3

Disclaimer, Appellant only submits this Notice to Aid Counsel in providing competent legal representation to me, I even helped my kids with their homework. In Exhibit A Page 1 Top Photo is Sound Alibi, Martha Flores(complainant's mom) in New Mexico on Day in question 9/03/2000 as depicted by the Welcome sign. Private Investigator James McKay was sent to Martha Flores' Residence 11211 Candle Park, San Antonio, Texas 78249, but was told that she was informed NOT to speak to anyone by the District Attorney, who tampered with the defense investigation, or prevented it. In Exhibit A Page 1 Bottom Photo in Arizona on Day in question 9/03/2000 depicted by Police Car Logo of Retired Arizona Officer Steven Allen Costello Badge #8687 sound Alibi who provided his affidavit to validate that he is pictured on the photo dated 9/03/2000 his current address is Horseshoe Bend Camp Verde Arizona 86322, Private Investigation done by my wife, Karina Lares-Guevara, affidavit was obtained on 12/26/2014 her complete investigation is in Exhibits 117-19 enclosed.

Had trial counsel attempted an independant investigation there would have been an option for Alibi Defense and not the Trial Strategy of Throw Yourself at the Mercy of the Court. Also see Exhibit A Page 2(original 11.07 Affidavit H) from Sound Alibi Roberto Guevara on New Years Eve and Day of Day in question 12/31/2002 of Count III, which depicts Partial Roberto Guevara(alibi), Martha Flores(alibi), Nathan Lares(alibi), Elizabeth Lares(alibi), the Complainant and Appellant, not in photo are Maria Chapman(alibi) and Jonathan Chapman(alibi) at their Residence 5910 Saints Passage San Antonio Texas 78220, in a two bedroom trailer.

These Two Pages of Exhibit A are completely blackened and the people and Dates are unreadable due to Appointed Counsel's Broken Copier and they do no justice to the contents they convey. Also enclosed is an extensive Medical Mental/Psyhological History within the Traverses Provided by Karina Lares, wife of appellant. Trial Counsel stated in his 11.07 Response Affidavit that "I deny that I failed to offer into evidence applicant's medical records..." Paragraph

9, my wife numbered them. Further "... Because the issue of Mr. Lares' competence to stand trial as well as any insanity defense had been resolved..." also "... Mr. Lares waived his right to proceed with a competency hearing..." Had Trial Counsel hired an Expert witness to Rebutt the State's Two Examination the 399th Court would have known that both Examinations were conclusory because the First Exam the Doctor did not have ALL V.A. and Private Medical History Records to make any real finding. The Second Exam was alor deficient because the Doctor still did not have the Entire Medical History before him to make any Scientific Conclusion and any conclusion made was/ would have been conclusory as well. In fact Trial Counsel did not feel that it was his duty to obtain said medical records because "applicant's wife, Karina Lares-Guevara, submitted a copy of Applicant's entire medical history to the court without my knowledge." Id. at Paragraph 16("I had the opportunity to review these records before sentencing and concluded that they were a copy of the same records in our possession."). What Trial Counsel doesn't state is that the "copy" he has in his "possession" is a copy provided by Karina Lares, appellant's wife and NOT a copy that he or the investigator subpoena or ordered from any Medical Facility. NO Medical Records were ever obtained by Trial Counsel or Anyone from the Defense.

As for Trial Counsel's testimony that "No time did I perceive that Mr.Lares was unable to assist in his own defense." Id. at Paragraph 11. But Look at Trial Counsel's Motion For Psychological and Psychiatric Examination which states in part "The DEFENDANT herein does not, in the opinion of counsel, have sufficient present ability to consult with counsel to any reasonable degree of rational understanding, and does not have a rational or factual understanding of the proceedings against DEFENDANT." Signed and Dated June 8,2009 by Trial Counsel Joe Gonzales. So how is it that on June 8,2009 Defendant signed the Plea Bargain or was admonished when the issue was NOT Resolved as counsel stated? Please Read the Traverses my wife made for me but no one has read them because

she always files them late and appellant is often kicked out of court for not having a "Good Cause" for being late. Everything contained in those Traverses was presented to Trial Counsel and the Hon. Judge Juanity Vasques-Gardner of the 399th Court during presentencing investigation interview, said Medical records state the Diagnosis of PTSD, Bipolar, and Schizo-Affective Mental Illness and Disorders that the Appellant suffers from and his very strong Psychotropic Meds to control it. My wife said I was a Zombie when I took my meds, I'm divorcing her because she has not been writing to me and no longer loves me and she stole all of my V.A. money and closed my Bank Account, I no longer have money. But I still love her and miss her, alot!

I'm not a lawyer nor a student of law. In United States v. Herrer, 559 F. 3d 296, 302 (5th Cir. 2009) (A New Trial could be GRANTED where the court reweighed evidence and found it leaned heavily against the guilty verdict). Appellant avers that a New Trial would probably produce a different result if ALL of the Evidence that wassover looked, Excluded, Not Investigated, and Newly Available /Discovered Evidence Material to said case at bar was before the court. A good demonstration of due diligence is showed in this Notice but there is MUCH more that appellant has that has Not been evaluated by the Court Such as Affidavits from Alibis and Family and Friends Page 61 Affidavit A-L and Lists of Exhibits Gx-1-6 and Mx-1 - 27 and 11.07 Exhibits 1 - 109 which also include many of the Clerk's Record Documents and Dated Photos with Alibis and Witnesses. Appellant avers that his plea was that of misinformation and mis-advise to plea to an offense not alleged in the Complainant's Affidavit/Complaint and that is the ineffective assistance appellant received in trial counsel's representation.

PRAYER

WHEREFORE PRIMISES CONSIDERED, Appellant prays that this Notice is accepted and incorperated into his Appeal Brief By the Court of Appeals and Appointed Counsel. So Moved, So Prayed For.

Sincerely Submitted,

Richard Lares #1592255

## CERTIFICATE OF SERVICE

I, Richard Lares, have read the pleadings and to the best of my knowledge and belief, formed after reasonable inquiry, that the instrument is NOT Groundless, or Brought in Bad Faith or Brought for the purpose of harrassment, Unnecessary Delay, or Other Improper purpose, That on the date written in this Certificationion, the Appellant has forward a true and correct copy of this Notice to Mr. Barry P. Hitchings, Hitchings and Pollock at 645 S. Presa, San Antonio, Texas 78210 (Notice without exhibits) and the Bexar County The Clerk of the Fourth Court of Appeals at Cadena-Reeves Justice Center, 300 Dolorosa, Suite 3200, San Antonio, Texas 78205-3037, sent by mail June 3,2015.

Respectfully,

*Richard Lares*
Richard Lares TDCJ #1592255
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868

"De Oppresso Liber"
U.S. Army Special Forces Combat Veteran

Sent
June 12, 2015

Exhibit 4

CAUSE NO. 04-15-00183-CR

FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

RICHARD LARES,
Appellant

V.

THE STATE OF TEXAS,
Appellee

NOTICE OF NON-WAIVER

TO THE HONORABLE JUSTICES OF SAID COURT OF APPEALS:

COMES NOW, Richard Lares, TDCJ #1592255, appellant herein, in style and cause and provides Notice of Non-Waiver of any Constitutional Right Granted to excercise during ALL Direct Appeal Proceedings and does not waive any other Non-Constitutional Right as well without express written consent from appellant and in support presents the following:

I.

Appellant avers that the Pack 1 Unit Mail Room doesn't send out any Legal Mail until Tuesday during the week as per mail room employee's advise. Appellant avers that this document was created on June 12,2015 and placed in the Box to be sent to the Fourth Court of Appeals but may not be picked up until June 15,2015 Monday, thus because of appellant's incarceration and inability to hand deliver this Notice to the Raspect of the Court of Appeal's Clerk because Appellant is not at "liberty" to walk said Notice to the Court.

II.

* Appellant avers that communication between Appointed Appellant Counsel, Mr. Barry P. Hitchings and Appellant has been limited to U.S. Postal Mail and recently available communications between Counsel and Appellant's Parents. That said counsel has not visited or interviewed the appellant in person and this may be a denial of right in some way but not waived by appellant. Said

Exhibit 4

Counsel, with respect to his hard work and dedication in appellant's appeal, has expressed his professional opinion not to Present Appellant's Claims of Factual/Actual Innocence, Ineffective Assistace of Trial Counsel, Involuntary Plea, and Denial of Competency/Sanity Hearing, as well a Denial of Other Fundamental Claims. At this point I'm not sure what counsel intends to present.

## III.

Appellant avers that he has **Alibis** for ALL the Dates he is being accused of and Not accused of. To include Alibis for the Dates Not Alleged by the Complainant but were fraudulently alleged by Det. Armstrong and said Dates have Prejudiced and Harmed Appellant through All Trial and Post Trial Proceedings. That said **Alibis** have provided Affidavits and the others need to be supoena by the Honorable Court in order to obtain their Testimonies to Resolve ALL material issues that support actual/factual innocense. I have requested Appellant Counsel to supoena them but no answer has been given to me yet. Appellant believes that if said alibis were before this Honorable Court of Appeals that their testimonies would bear out the Innocence of Appellant and create enough doubt that the Honorable Justices can not have confidence in the Trial Court's Conviction and Sentence that now stands against the appellant. A List of said **alibis** has been provided to Appellant's Counsel.

### PRAYER

WHEREFORE PRIMISES CONSIDERED, Appellant Prays that this Notice of Non-Waiver be incorperated into his Appeal Brief for consideration because appellant feels and believes that he has no voice to be heard.

SO MOVED SO PRAYED FOR.

Sincerely Submitted,

Richard Lares, #1592255



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00183-CR

Richard **LARES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR10110
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: November 4, 2015

AFFIRMED

Richard Lares appeals a judgment nunc pro tunc correcting the date of the offense listed in the original judgment. Lares's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes that the appeal has no merit. Counsel provided Lares with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Lares filed a *pro se* brief asserting ineffective

assistance of counsel, prosecutorial misconduct, evidentiary issues, and a constitutional challenge to article 21.02(6) of the Texas Code of Criminal Procedure.

After reviewing the record, counsel's brief, and Lares's *pro se* brief, we conclude that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).[1] The judgment of the trial court is affirmed. Appellate counsel's request to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Lares wish to seek further review of this case by the Texas Court of Criminal Appeals, Lares must either retain an attorney to file a petition for discretionary review or Lares must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH

---

[1] If an *Anders* brief is filed in an appeal and the appellant elects to file a *pro se* brief, the Texas Court of Criminal Appeal has instructed that this court has two choices. *Bledsoe*, 178 S.W.2d at 826-27. We may "determine that the appeal is wholly frivolous and issue an opinion explaining that [the court] has reviewed the record and finds no reversible error." *Id.* "Or, [we] may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* at 827. "Only after the issues have been briefed by new counsel may [this court] address the merits of the issues raised." *Id.* If we "were to review the case and issue an opinion which addressed and rejected the merits raised in a *pro se* response to an *Anders* brief, then [the] [a]ppellant would be deprived of the meaningful assistance of counsel." *Id.*

Richard Lares 1592255
Pack 1 Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868

[ Legal
Mail ]

Court of Criminal Appeals
Attn: Honorable Clerk
P.O. Box 12308, Capital Stati
Austin, Texas 78711